76 U.S. 364
 19 L.Ed. 734
 9 Wall. 364
 JONES
v.
BOLLES.
 December Term, 1869
 
 APPEAL from the Circuit Court for the District of Wisconsin; the case being thus:
 Bolles, a citizen of Massachusetts, on behalf of himself and all other stockholders of the Mineral Point Mining Company, filed his bill of complaint in the court below against one Jones, and the said company, the former a citizen, and the latter a corporation, of Wisconsin, for an injunction to restrain Jones from suing for, claiming or demanding against the said company the purchase-money of a certain tract of mining land in Wisconsin, or any mineral rents for mineral raised on the same. The matter set forth in the bill as a ground for this relief was a charge of misrepresentation and fraud on the part of Jones, perpetrated at Boston in Massachusetts, in November, 1865, whereby he induced him, the complainant, Bolles, who was a broker, to purchase for himself and other persons a large amount of the capital stock of the said mining company. The substance of the specific charges was that Jones and others, agents of the company, represented to him, the complainant, Bolles, that the company was seized in fee of the said tract of land; that it had been conveyed to the company by him, Jones, for the consideration of $30,000, which had been fully paid and satisfied, and that the title of the company was perfect and unincumbered; and, to beget further assurance in him, the complainant, that they exhibited a warranty deed from Jones to the company, and an abstract of title, showing an unincumbered title to the lands; that they further represented that the land was of great value for mining purposes, and that Jones had no interest in the property; that the complainant being entirely ignorant of the facts except as represented to him by Jones, and relying on those representations, purchased on his own account and in trust for others a large amount of the capital stock of the company, and paid upwards of $25,000 for it, and afterwards sold still larger amounts to parties who paid for the same on the faith of the said assurance that the property was unincumbered. The bill then alleged that at the time of the giving of the deed referred to, an agreement was made between Jones and the company (a copy of which was set out), the existence of which was carefully concealed by Jones when he made the representations complained of (but which he now asserted to be valid and subsisting), by which he claimed a large balance to be due to him for mineral rents and purchase-money of the said lands, and threatened to bring an action against the company therefor, which, if successful, would greatly depreciate the stock of the company, and seriously embarrass it.
 Jones in his answer to the bill, denied the principal charge in the aggregate as made (a mode of answer which this court observed, in passing, was altogether too narrow a mode of denial), admitted that he, with the president and secretary of the company, were in Boston at the time alleged and attended a meeting at Bolles's house, on the subject, and that he understood that the secretary had made representations to the effect complained of, but that the room was large and pretty well filled, and that he did not hear it. That he afterwards expostulated with the secretary for having made such a statement, and took some pains to inform some persons that it was not true. But he did not allege that he ever so informed the complainant. He denied that he made any such representations himself. He admitted the agreement complained of and insisted upon its validity. He did not deny Bolles's interest as alleged in the stock of the company, though he averred ignorance on the subject of it. Other points were made in the answer, but what has been stated is sufficient to show the principal issue made in the suit.
 The Circuit Court, after full proofs, which showed among other things alleged, the purchase of the stock, decreed in favor of the complainant, enjoined the defendant from bringing any action against the company, directed him to execute a release, and declared the agreement entered into between the company and the defendant void. Whereupon Jones, the defendant below, appealed. No question was made on the examination below, as to Bolles still holding his stock.
 
 Mr. M. H. Carpenter, for the appellant:
 
 I. The whole of the complainant's case rests, as regards merits, upon loose verbal alleged admissions, made under circumstances of all others most likely to be misunderstood or misconstrued. They are susceptible of precisely the explanation given by the defendant; his explanation carries upon its face evidence of its truth. The attempt is to hold a party responsible for general conversation held at a kind of social party; that conversation relating to real estate, the title of which might have been fully understood by the examination of an abstract which was publicly exhibited. Can this be done?
 II. But there are difficulties as to jurisdiction and pleading.
 The basis of the prayer for relief is, that Jones threatens to bring a suit against his co-defendant, the mining company, upon a false and fraudulent claim, and that thereby the complainant is liable to suffer injury and sustain damage, and one of the defendants, the company, is liable to be greatly embarrassed in conducting its affairs. Assume all this to be true. Then,
 1st. If Jones made false representations whereby the complainant was induced to purchase stock and was injured, the courts of common law afford an ample remedy. If he made true representations and afterwards attempted to do that which, if consummated, would operate as a fraud upon the complainant, the courts of law still afford a remedy. If his representations operated as an estoppel against his setting up a claim against the company, it would be as operative a defence at law as it would in equity. If the threatened action had been, or were to be brought by Jones, against the company, the answer would be that the claim is false, fraudulent, and brought for the purpose of extortion. This effords a perfect defence in law. If the claim were true and not false, but Jones had estopped himself from enforcing it by making false representations, that is, by representing to the purchasers that he had no claim against the company, and the contrary of those representations if acted upon, would injure and embarrass the company, the defence is still perfect in the action at law. A court of law has thus full and adequate jurisdiction of the subject-matter of the action, whatever may be the alleged particular phase of it.
 Yet further. The case stated does not constitute an equitable cause of action. It does not show wherein or how much damage the plaintiff is liable to sustain, and does not pretend that any has been sustained. Courts of equity will indeed protect against great threatened injury where the mischief will be irreparable. But there is no allegation here of irreparable injury; no averment that Jones is irresponsible; no statement of facts from which injury can be inferred. The only allegation upon that subject is that the stock which plaintiff now holds is liable to become greatly depreciated in value.
 The bill is not one for discovery. All of the facts are known, and susceptible of proof without any testimony to be furnished by the answer.
 2d. But how does a court of equity, on such a case as the one assumed, acquire jurisdiction? The mining company is not charged with fault or collusion. It is not alleged that if sued by Jones, it will not defeat the action; nor that it is incapable of transacting its own business, and protecting its stockholders; nor is it shown how stockholders so large as the complainant and his associates, have not a sufficient control of the affairs of the company; nor that the company could not have brought an action in its own State court to remove a cloud upon its title, if it was likely to be embarrassed by Jones setting up a false and fraudulent claim. If then there is no collusion, or concert of action charged between the defendants, and relief be demanded against both or all in regard to the same thing, and no cause of action be stated against one, there is a misjoinder of parties as to both or all, and, of course, either may demur.
 3d. The proof does not show that the complainant, Bolles, is the owner of any stock in the Mineral Point Mining Company. He avoids saying specifically that he owns any stock, or that he owned any at the time of filing the bill. No stockholder has united with him in prosecuting this action. If it be true that he owns one share, worth perhaps $5, he occupies the position of obtaining an injunction to restrain the company from paying an honest debt, of which his distributive share, if it were paid by an assessment, might be less than five cents.
 No opposing counsel.
 Mr. Justice BRADLEY, having stated the case, delivered the opinion of the court, as follows:
 
 
 1
 We have examined the proofs in the cause and find them to be very full and convincing against the appellant, and are satisfied with the decree of the Circuit Court, unless the same be invalid for some jurisdictional or technical reason.
 
 
 2
 It is objected that a court of equity has no jurisdiction of the case because the law affords a complete remedy in damages. This objection is groundless. Equity has always had jurisdiction of fraud, misrepresentation, and concealment; and it does not depend on discovery. But in this case a court of law could not give adequate relief. The agreement complained of is perpetual in its nature, and the only effectual relief against it, where the keeping of it on foot is a fraud against parties, is the annulment of it. This cannot be decreed by a court of law, but can by a court of equity.
 
 
 3
 It is next objected that there is a misjoinder of defendants by reason of making the mining company a party. But the company is directly interested, and though no relief is prayed against it, but rather in its favor, it is eminently proper that it should be made a party, complainant or defendant. It could not be made complainant against its will, and, besides, its own agents joined in the fraudulent representations that were made. As a separate and independent personality, therefore, distinct from the stockholder interest, there was propriety in making it a party defendant.
 
 
 4
 It is also objected that the appellee, Bolles, does not distinctly state or prove the amount of his interest in the company. The bill expressly states that the appellee purchased on his own account and in trust for other parties a large number of shares, and paid therefor upwards of $25,000; and then afterwards states that the appellant threatened to bring an action against the company to enforce his pretended claim for rents and purchase-money, whereby the stock of the company, which the appellee alleges he purchased in good faith, and which he still held, was liable to become greatly depreciated in value. This is surely an allegation of a large interest, and the statement is nowhere denied in the answer. The appellant avers only his ignorance on the subject. But the allegation is fully corroborated by the proof, at least so far forth as relates to the purchase of stock by the appellee. No question was made on the examination as to his still holding the stock.
 
 
 5
 We do not perceive any legal grounds of objection to the decree, and it is therefore.
 
 
 6
 AFFIRMED.