PARKER v. BLACK et al.

(District Court, W. D. New York. February 6, 1906.)

1. BANKRUPTCY—VOIDABLE PREFERENCES—SUIT IN EQUITY TO RECOVER.

    A trustee in bankruptcy may at his election maintain a suit in equity to recover a payment made by a bankrupt to a creditor as a voidable preference; such suit being in the nature of a creditors' suit to set aside a fraudulent conveyance.

2. SAME—KNOWLEDGE OF DEBTOR OF CREDITOR'S INTENT.

    A payment made by an insolvent to a creditor within four months prior to the debtor's bankruptcy may be recovered by his trustee as a voidable preference, under Bankr. Act July 1, 1898, c. 541, § 60, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], if the creditor had reasonable cause to believe a preference was intended, irrespective of the debtor's actual intention; and such reasonable cause exists if the creditor had knowledge of the insolvency, or of facts which reasonably charge him with such knowledge.

3. SAME—EVIDENCE.

    Evidence considered, and held to establish knowledge on the part of creditors, who obtained payment from an insolvent within four months prior to the bankruptcy, of such facts as to give them reasonable cause to believe that he was insolvent and intended a preference, and to entitle his trustee to recover the payment.

In Equity.

Lewis & Crowley, for plaintiff.
Werner & Harris, for defendants.

HAZEL, District Judge. This suit in equity for an accounting was brought by the complainant, as trustee in bankruptcy, against the defendants, a partnership, who were creditors of John S. Hough, the bankrupt. The sum of $2,929.75 is alleged to have been transferred by the bankrupt, when insolvent, in violation of section 60 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]). The trustee claims to be entitled on behalf of the creditors to the amount mentioned. Although lack of jurisdiction was suggested at the hearing, it is not pressed in the brief submitted for the defendants. That the trustee acted within his right in instituting a plenary action for an accounting, instead of resorting to an action at law, seems to be settled by the federal authorities. Pond, Trustee, v. New York Exchange Bank, 10 Am. Bankr. Rep. 343, 124 Fed. 992; Wall v. Cox, 101 Fed. 403, 41 C. C. A. 408; Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175. In Pond v. New York Exchange Bank, supra, Judge Holt, speaking of the right of a trustee in bankruptcy to enforce his remedy to recover a preference, consisting of money paid a creditor by bill of equity, says:

"This suit is analogous to a judgment creditors' suit to set aside a fraudulent conveyance. The original payment, when made, was valid. It would not have been voidable by the bankrupt. It has only become voidable, at the election of the trustee in bankruptcy, in the same manner as a fraudulent conveyance may be set aside by a judgment creditor. The jurisdiction in such cases has always been in equity."

In Loveland on Bankruptcy (2d Ed.) p. 608, the practice is thus stated:

"To recover property conveyed by the bankrupt in fraud of the act, either as a preference or a fraudulent conveyance, is not a proceeding in bankruptcy. It must be a plenary suit at law or in equity, according to the nature of the case. Such suit may be actions at law, in ejectment, trover assumpsit, etc., or suits in equity, as a bill to set aside a fraudulent conveyance."

In Bardes v. Bank, supra, the Supreme Court of the United States, specifically answering the question of jurisdiction certified to them, says:

"The provisions of the second clause of section 23 of the bankrupt act of 1898 [30 Stat. 552; U. S. Comp. St. 1901, p. 3431] control and limit the jurisdiction of all courts, including the several District Courts of the United States, over suits brought by trustees in bankruptcy to recover or collect debts due from third parties, or to set aside transfers of property to third parties, alleged to be fraudulent as against creditors, including payments in money or property to preferred creditors."

It will be noted that the language employed in the same sentence includes suits to set aside fraudulent conveyances and suits for the recovery of money paid by the bankrupt to third persons. This would seem to indicate that the Supreme Court regarded the payment of money to a creditor or third person in violation of the bankruptcy act as in the nature of a fraud, misrepresentation, or concealment, and that a remedy in equity would more readily afford adequate relief. Jones v. Bolles, 9 Wall. 364, 19 L. Ed. 734.

The adjudications in the courts of the state are not entirely har-

143 F.—36

monious upon the point under consideration. In Houghton v. Stiner, 92 App. Div. 171, 87 N. Y. Supp. 10, the trustee sought to recover the value of a stock of goods transferred to a creditor in violation of the bankruptcy act. The court substantially held that, as the transfer was only voidable by the trustee, his mere election to avoid the same did not destroy the title, ownership, or possession, and that the creditor receiving a preference must be deprived of his right to the property by a court of equity. In Stern v. Mayer, 99 App. Div. 427, 91 N. Y. Supp. 292, and Merritt v. Halliday, 107 App. Div. 596, 95 N. Y. Supp. 331, it is declared that an action to recover money paid by a bankrupt to a creditor within the period limited by section 60 of the bankruptcy act is in form and substance an action at law. Notwithstanding the indicated conflict of authorities in the courts of the state of New York, the trend of the federal adjudications is firmly in the direction of enabling a trustee to proceed in equity to nullify an alleged preference in violation of the national bankruptcy law. It was not necessary for the trustee to invoke his equitable remedy; he was not exclusively confined to seek redress in a court of law. Wetstein v. Franciscus, 13 Am. Bankr. Rep. 326, 133 Fed. 900, 67 C. C. A. 62. Either remedy, apparently, was open to the trustee in this case.

The principle is not controverted that if the defendants, creditors of the bankrupt, had reasonable cause to believe that the bankrupt was insolvent at the time of the payment to them of the pre-existing debt, an unlawful preference was created within the purview of the statute. By section 60, subd. "a," a preference consists of a transfer of property to a creditor by an insolvent before an adjudication in bankruptcy and within four months prior to filing a petition; such creditor having reasonable cause to believe that it was intended to give a preference. Hence it follows that, if the evidence shows that the debtor was insolvent at the time of the payment of the debt and the defendants knew of his financial condition, the transfer of the money to apply on account of the pre-existing indebtedness was a preference, irrespective of whether the bankrupt intended to give a preference or not. His insolvency at the time of payment is undisputed. The payment of the amount which is sought to be recovered resulted in giving the defendants greater benefit than other creditors of the same class have in the distribution of the bankrupt's estate. Accordingly the property transferred may be recovered by the trustee provided the defendants had knowledge of the insolvency of the bankrupt. Pirie v. Chicago Title & Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171; Benedict v. Deshel, 177 N. Y. 1, 68 N. E. 999; In re Andrews, 14 Am. Bankr. Rep. 247, 135 Fed. 599; Upson v. Mt. Morris Bank, 103 App. Div. 367, 92 N. Y. Supp. 1101; In re Eggert, 102 Fed. 735, 43 C. C. A. 1.

From an examination of the record, I am of opinion that the circumstances surrounding the transaction of the sale by the bankrupt of the store at Albion and the payment of the debt to the defendants are such that the latter had reasonable cause to believe the bankrupt insolvent at the time of such payment. While it must be admitted

that an action of this character ought not to be decided on mere surmise or suspicion, still the reasonable deductions that are thought to be obvious from the circumstances warrant me in holding that the defendants are chargeable with knowledge of Hough's financial condition at the time of payment of the debt. It is true that the evidence on behalf of the defendants indicates that in a conversation between Mr. Harris, counsel for the defendants, and the bankrupt, it was stated by the latter that he was solvent and that his liabilities were less than his assets; but prior to such interview the defendants, I think, had information respecting the financial affairs of the bankrupt which did not warrant them in relying upon such statements. They had substantial reason to suspect that his assertions were not entirely accurate. The sale of the store to Mr. Sammet, a brother-in-law of one of the defendants, who borrowed from the defendants money necessary to effectuate the purchase, the sale of the stock at 55 per cent. of the cost value, the schedule of the liabilities filed in compliance with the provisions of the law of the state then in force, the visits of the purchaser to the defendant Black, and the subsequent relations with Sammet's counsel, are strongly persuasive that the defendants knew of the insolvency of the bankrupt and that in procuring payment of the debt they had sufficient cause to believe that a preference was intended. The inferences from the facts and circumstances irresistibly indicate a perfect understanding with the purchaser and consequent knowledge of the debtor's financial situation. Although there is no direct evidence upon that point, yet, as said, the surrounding circumstances, though not here fully stated, are such that I am reasonably satisfied that the defendants knew the aggregate amount of the bankrupt's liabilities, which was illuminative of his insolvency. Having such knowledge, they induced him to give an order upon the purchaser of the store in question for the payment of their debt.

The complainant is entitled to a decree, with costs.