# CHARLESTON.

MAXWELL, TRUSTEE, v. DAVIS TRUST Co., *et al.*

Submitted March 2, 1910.   Decided May 2, 1911.

1.  BANKRUPTCY—*Jurisdiction of State Court.*

    A state court of competent jurisdiction may enforce actionable rights under the federal bankruptcy law, as well as may a federal court that also has jurisdiction in the premises. (p. 278).

2.  SAME—*Preference.*

    Payments of money by a bankrupt to creditors, enabling them to obtain a greater percentage of their debts than other creditors of the same class, made within four months prior to the filing of the bankruptcy petition, constitute illegal and voidable preferences under the federal bankruptcy act, if the creditors receiving the payments have reasonable cause to believe that preferences are thereby intended. (p. 278).

3.  SAME—*Trustee—Right to Sue in State Court—Recovery of Preferences.*

    A trustee in bankruptcy may sue in the courts of this state to recover money preferentially paid by a bankrupt to creditors contrary to the federal bankruptcy law. (p. 279).

4.  SAME—*Recovery of Preferences—Actions in State Court—Procedure.*

    When a trustee in bankruptcy resorts to the state court to recover money preferentially paid contrary to the bankruptcy law, the jurisdiction and practice are governed by the law of the state. (p. 279).

5.  EQUITY—*Jurisdiction—Adequate Remedy at Law.*

    Equity does not have jurisdiction of cases in which the plaintiff has a full, complete, and adequate remedy at law, unless some peculiar feature of the case comes within the province of a court of equity. (p. 279).

6.  BANKRUPTCY—*Recovery of Preferential Payments—Right to Sue in Equity.*

    A bill in equity by a trustee in bankruptcy does not lie to re-

cover payments constituting preferences, when no ground of general equity jurisdiction is alleged, and no necessity for equitable relief is shown. The case is one for an action at law as for money had and received. (p. 279).

Appeal from Circuit Court, Randolph County.

Bill by C. W. Maxwell, trustee in bankruptcy, against the Davis Trust Company and others. A demurrer to the bill was sustained, and plaintiff appeals.

*Modified and Affirmed.*

*James A. Bent,* for appellant.

*Samuel T. Spears* and *Talbott & Hoover,* for appellees.

Robinson, Judge:

Plaintiff is a trustee in bankruptcy. Defendants are creditors to whom the bankrupt paid debts in cash within four months prior to the filing of the petition in bankruptcy, and at a time when defendants knew the bankrupt to be insolvent. By this equity suit in the state court, plaintiff seeks to recover from defendants the sums so paid, for the benefit of the bankrupt estate. It is alleged that the payments constitute illegal and voidable preferences, recoverable by the trustee, under the national bankruptcy act. On demurrer, the circuit court dismissed the bill. Was that dismissal proper?

Defendants say that the bill cannot be maintained, because the acts alleged do not constitute illegal preferences under the statutes of this state. They also say that, even if preferences unlawful by the state law appeared, the allegations are insufficient to make a case for the setting aside of the same. It is true that the bill does not present a case of preferences forbidden by state law. Mere payments of money in satisfaction of *bona fide* pre-existing debts are not declared to be preferences under the insolvency laws of West Virginia. But may not plaintiff invoke the aid of the state court for the recovery of rights arising to him by the provisions of the national bankruptcy law? The bill expressly rests the demand for relief on rights arising under the bankruptcy act. It does not invoke a remedy by state law.

That a trustee in bankruptcy may sue in the state court to set aside preferences declared unlawful by the bankruptcy act,

or to recover money or property transferred as a preference contrary to the provisions of that act, is settled. This right to proceed in the state forum is clearly pronounced in the terms of the act itself, and is fully recognized in the federal and state decisions. When the state court is appealed to, hjowever, the laws and rules of that court pertaining to jurisdiction, form of action, pleading, and practice must control. The Circuit Court of Appeals, Fourth Circuit, in *Westfall* v. *Avery,* 171 .Fed. 626, says: "A proceeding instituted by a bankrupt's trustee to set aside fraudulent conveyances or illegal preferences is not a proceeding in bankruptcy, but, while ancilliary to such proceeding and authorized by the bankrupt act to be instituted in either the federal District Court or in a state court of competent jurisdiction, it must be governed, so far as pleading and practice is concerned, by the laws and rules of the court wherein it is instituted." The supreme court of Michigan, in *Detroit Trust Co.* v. *Old National Bank,* 155 Mich. 61, holds: "When a trustee in bankruptcy resorts to a state court to recover payments constituting a preference, as authorized by the bankruptcy law, the jurisdiction and practice are governed by the law of the state in which the suit is brought."

The state court of competent jurisdiction may enforce rights under the bankruptcy law as well as may some federal court that also has jurisdiction in the premises. The bankruptcy act is the law of the land. It is binding on all courts. The state courts have full power to enforce its mandates in all proceedings properly before them. "Where rights conferred by the peculiar provisions of the bankruptcy act are involved, such rights are cognizable in thle state court and the state court will enforce the bankrupt law wherever applicable." Remington on Bankruptcy, sec. 1687.

The allegations of the bill present a case disclosing preferences that are clearly illegal and voidable under the bankruptcy law. Payments of money, though not expressly mentioned in the act, have been held to constitute preferences. *Carson, Pirie et al.* v. *Title & Trust Co.,* 182 U. S. 438. They have been held to come within thle meaning of "transfers." Remington on Bankruptcy, sec. 1331. If a payment is made within four months prior to the filing of the bankruptcy petition, for the purpose of enabling a creditor "to obtain a greater percentage

of his debt than other creditors of the same class," and the creditor receiving the payment has reasonable cause to believe a preference is thereby intended, it is a voidable preference. The trustee may recover the money for the benefit of the bankrupt estate. If the creditor who receives the payment of his debt has intent in the transaction to deplete the trust fund in order to obtain satisfaction of the whole or a part of his own claim, the payment is an illegal preference. Just such a case is made by the bill in the case under consideration.

But, as we have seen, the remedy for the recovery of the property or money transferred as an illegal preference must be governed by the law of the forum in which suit is instituted for that recovery. Plaintiff sues in equity. Can a preference under the bankruptcy act be avoided by such suit under the law and practice of this state? Clearly so, if the preference is by the transfer of title to property, such as a conveyance or bill of sale. Suits in equity are proper in cases of that character because they are more adequate and efficacious than actions at law, Equity must be called upon to set aside and avoid the illegal memorial of transfer. But is the equity forum the proper one when the preference to be avoided is one growing out of a mere voidable payment of money? Is not a suit at law to recover that money quite as adequate and effective a remedy as the trustee in bankruptcy needs to accomplish all that is due to him? Will not a suit at law itself completely avoid the preference? If plaintiff has an adequate remedy at law, he is barred from equity procedure. The bankruptcy act gives the trustee the right to recover the money—vests in the trustee title to the money that has been preferentially paid. The bankruptcy law says that the creditor has only received the money for the use of the trustee. Then may not the trustee most effectively sue for it by the ordinary action at law as for money had and received? What more can equity give him in such case than law?

The bill in this case presents only a demand for mere pecuniary claims. It asks nothing but a decree for money, simply because that money is legally due plaintiff. It presents absolutely no ground of equity cognizance. It makes no case of fraud; for the preference alleged is merely an unlawful one, not a fraudulent one. It seeks no accounting or discovery in relation to that which plaintiff claims, nor does it pretend to

show any necessity for such equitable proceedings. No record or memorial in relation to the transfer is sought to be cancelled and annulled. Not a single recognized ground of equity cognizance is relied on to sustain the resort to equity. The bill, in substance, alleges an indebtedness to the trustee and seeks to recover the amount thereof. It avers the exact amount that each of the defendants received and owes, and the date that he received it. Actions at law lie against each of them, and afford a complete remedy to recover the money. The doctrine that equity may be invoked to save a multiplicity of suits cannot apply.

That an action at law is the proper procedure in such a case as the one presented in the bill, is established by *Laidley* v. *Laidley*, 25 W. Va. 525, and *Teter, Adm'r.*, v. *Teter*, 65 W. Va. 167. In the latter of these cases, it is held: "Ordinarily a court of law is the proper forum in which to establish a debt. For equity to interpose, there must be something more than a mere claim or demand; there must appear some equity in relation to such claim or demand—something remedial to plaintiff that the law does not give."

The precise point now under consideration was before the supreme court of Michigan, in a case exactly like this one—a suit in equity by a trustee in bankruptcy to recover money preferentially paid creditors. *Detroit Trust Co.* v. *Old National Bank, supra*. The demurrer to the bill was sustained. It was held: "Equity does not take jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity."

In New York, when a trustee in bankruptcy seeks a money judgment only, to cover an amount alleged to have been paid as a preference, the action is one at law. *Cohn, Trustee,* v. *Small,* 120 App. Div. 211; *Merritt* v. *Halliday,* 107 App. Div. 596; *Stern* v. *Mayer,* 99 App. Div. 427; *Coudert* v. *Jarvis,* 188 N. Y. 584.

It is true that there are federal cases holding that an equity suit is appropriate, but they do not appear to be based on careful consideration of the subject. *Pond* v. *Bank,* 124 Fed. 992, relies on *Wall* v. *Cox,* 101 Fed. 403. The latter case was one growing out of a fraudulent sale of property, not a mere prefer-

ential payment. Of course fraud was a basis of equity jurisdiction. Then, *Parker* v. *Black,* 143 Fed. 560, seems to have been decided on the authority of the *Pond* and *Wall Cases,* and *Bardes* v. *Bank,* 178 U. S. 524. There is nothing in the latter case to make it an authority on the point. Besides, the case of *Parker* v. *Black* was one for an accounting, the opinion says, thus having a recognized basis for equity procedure. On appeal, *Parker* v. *Black* was affirmed on the point that jurisdiction was in equity, 151 Fed. 18, but the Circuit Court of Appeals said that it would have been of different opinion if the question had been originally presented. That court cites the *Wall Case* and *Off* v. *Hakes,* 142 Fed. 364, as binding on the point. It seems to have overlooked the fact that the *Wall Case* was properly a suit in equity for an accounting. The *Off Case* does not reach the point. That case was justified in equity because the surrender or cancellation of a note was involved. But it is useless further to review federal cases in this connection. They cannot control the established policy and procedure in the courts of this state, even if any of them squarely and considerately meet the point. None that we have observed do so. The settled law of this state is that a mere money demand cannot be recovered by an equity suit when there is no feature of the case peculiarly within the province of a court of equity—when the remedy at law is complete, adequate, and efficacious.

The demurrer to the bill was properly sustained. But the right to institute suits at law on the claims of the trustee in bankruptcy against the preferred creditors should have been saved by a reservation in the decree. The decree will now here be modified in that particular. As so modified, the decree will be affirmed, with costs to the appellee.

*Modified and Affirmed.*