SIMPSON v. WESTERN HARDWARE & METAL CO.

In re TACOMA ORNAMENTAL IRON WORKS.

(District Court, W. D. Washington, N. D. October 7, 1915.)

No. 73-E.

1. BANKRUPTCY ⊂⊃292, 293—SUITS BY TRUSTEE—JURISDICTION.

An action by a trustee to recover property alleged to have been transferred by the bankrupt within four months and when insolvent to defendant, which was a general creditor, to give defendant a preference, and to hinder, delay, and defraud other creditors, is within the terms of Bankr. Act July 1, 1898, c. 541, § 67e, 30 Stat. 564, as amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 (Comp. St. 1913, § 9651), and therefore one of which the bankruptcy court is thereby given jurisdiction, although plaintiff admits that he does not know the nature or value of the property and demands a discovery from defendant.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 410, 411, 413, 415–417; Dec. Dig. ⊂⊃292, 293.]

2. BANKRUPTCY ⊂⊃293—SUITS BY TRUSTEE—JURISDICTION.

A suit by a trustee, alleging that defendant claims to be the owner of an account due from a debtor to the bankrupt, that such claim is fraudulent and the result of a conspiracy to defraud the bankrupt's creditors, and praying that defendant's claim be decreed invalid, is one in the nature of a suit to quiet title to personal property, and not to recover property, and is not within the jurisdiction of a federal court, unless with defendant's consent, where it could not have been brought in that court by the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. ⊂⊃293.]

3. BANKRUPTCY ⊂⊃287—SUITS BY TRUSTEE—EQUITY JURISDICTION.

A suit by a trustee to recover a voidable preference under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562, as amended by Act June 25, 1910, c. 412, § 11, 36 Stat. 842 (Comp. St. 1913, § 9644), where no preliminary relief is necessary to a recovery, is not cognizable in equity, the remedy at law being plain, adequate, and complete; but a suit under section 67e, to recover property fraudulently transferred, involves actual fraud, and is within the equity jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 444–447; Dec. Dig. ⊂⊃287.]

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by R. D. Simpson, trustee in bankruptcy of the Tacoma Ornamental Iron Works, against the Western Hardware & Metal Company. On motion to strike and transfer. Sustained in part.

W. W. Keyes, of Tacoma Wash., for plaintiff.

F. C. Kapp, of Seattle, Wash., for defendant.

NETERER, District Judge. This action was brought in the Southern division, and upon motion transferred to this division. Plaintiff, trustee of Tacoma Ornamental Iron Works, a corporation, bankrupt, by complaint in the form of a bill in equity, seeks judgment and equitable relief against the defendant, Western Hardware & Metal Company. Both the bankrupt and the defendant are Washington corporations; the former with its principal place of business in Tacoma, and the latter in Seattle. The complaint contains three causes of action. In the first, plaintiff alleges:

"That on the 7th day of November, 1914, and prior thereto, the said Tacoma Ornamental Iron Works was insolvent, of which insolvent condition the said defendant had full knowledge, and upon said date, with the intent to create a preference, the said defendant, through its officers and agents, did enter into a conspiracy with the said Tacoma Ornamental Iron Works, through its officers and agents, by which the said defendant was paid the sum of five hundred twenty-one and $23/100$ dollars ($521.23); that said payment of said sum of money above referred to was made with the intent and did create a preference in favor of the said defendant, who was at that time a general creditor of the said Tacoma Ornamental Iron Works. * * *"

The second cause charges:

"That on or about the 6th day of November, 1914, and prior thereto, the said Tacoma Ornamental Iron Works was insolvent, of which insolvent condition the said defendant had full knowledge, and upon said date the said defendant was a general creditor of the said Tacoma Ornamental Iron Works, and for purposes of hindering, delaying, and defrauding other creditors, and with the intent to create a preference, the said officers and agents of the said defendant and the said Tacoma Ornamental Iron Works did enter into a conspiracy by which certain assets, consisting of goods, wares, and merchandise, were turned over to the said defendant at the said time, but upon information and belief alleges the value thereof to be nine hundred ($900.00) dollars, and further alleges that the said defendant should be compelled to forthwith furnish to the said plaintiff a list of said goods, wares, and merchandise so removed and turned over to it."

Under the third cause it is alleged:

"That on or about the 7th day of November, 1914, the King Lumber Company, a corporation, then engaged in business in the state of Washington, was indebted to the Tacoma Ornamental Iron Works; that the said defendant has notified the said King Lumber Company that it, the said defendant, claims that it, the said defendant, owns the debt due from the said King Lumber Company to the said Tacoma Ornamental Iron Works; that by reason of the said claim so made the said King Lumber Company has refused to pay to the plaintiff herein the amount due from the said King Lumber Company to the Tacoma Ornamental Iron Works and its trustee; that the said alleged claim is fraudulent and void, and if any evidence thereof was given by the officers or agents of the said Tacoma Ornamental Iron Works to the officers or agents of the defendant, the same was done as a result of a conspiracy between the said officers to hinder, delay, and defraud the creditors of the said Tacoma Ornamental Iron Works, and to prefer the said defendant to the

227 F.—20

other creditors of the said Tacoma Ornamental Iron Works while the said Tacoma Ornamental Iron Works was insolvent, of which the said defendant had full knowledge."

Plaintiff prays for judgment under the first cause of action for the amount of the alleged preference; under the second cause prays "that said defendant be required forthwith to surrender said property so removed, giving a full and detailed statement of the items, and that in lieu thereof that said plaintiff do have and recover judgment against the said defendant in the sum of $900, with interest thereon from the 6th day of November, 1914, until paid"; and under the third cause prays "that said alleged claim of the said defendant to the money due plaintiff herein by the said King Lumber Company be canceled and held for naught, and that said plaintiff be allowed his legal costs and disbursements herein, and such other and further relief as may be equitable."

Defendant has moved to transfer the first cause of action to the law side of the court, "for the reason that the same is not cognizable in equity," and has moved to strike the second and third causes, because redundant and impertinent, and this court has no jurisdiction of the subject-matter therein set forth. In the event of a denial of the motion to strike as to either of these causes of action, defendant moves that they be transferred to the law side of the court, because not cognizable in equity.

As to the jurisdictional question, it can be said that this is not a proceeding in bankruptcy; nor is there diversity of citizenship and requisite amount involved to give this court jurisdiction. If jurisdiction obtains, it must be by virtue of the provisions of section 23 of the Bankruptcy Act and amendments thereto (Comp. St. 1913, § 9607), which provides that (paragraph "a"):

"The United States Circuit (now District) Courts shall have jurisdiction of all controversies at law and in equity as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants."

Subdivision "b" of section 23, Bankr. Act 1898, prior to amendment, provided that:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant."

The Supreme Court, in Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, in construing section 23, supra, held that under the limitations imposed by subdivision "b," controversies not strictly or properly part of the proceedings in bankruptcy, but independent suits brought by the trustee in bankruptcy to assert a title to money or property as assets of the bankruptcy against strangers to those proceedings, do not come within the jurisdiction of the United States District Courts, unless by consent of the proposed defend-

ant. Subdivision "b," supra, was thereafter amended, by the acts of 1903 and 1910, to add the following:

"Except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e, and section seventy, subdivision e."

It is apparent that the several causes of action in the complaint in this case, if they are within the jurisdiction of this court as to the subject-matter therein contained, must be brought within one of the classes specified in the amendment of subdivision "b," supra. The jurisdiction as to the first cause of action is not disputed, and of course obtains under section 60, subdivision "b."

[1] Defendant contends that the second cause of action is one for an accounting, and therefore not within the exception. This cause of action is clearly one charging the transfer, for the purpose of hindering, delaying, and defrauding other creditors, of bankrupt's property to the defendant, and within the provisions of section 67e of the act. That is the gist of this cause of action. The fact that the trustee did not know the exact nature or value of the property charged to have been transferred and asks that the defendant be required to furnish a list, does not change the general character of the suit.

[2] The third cause of action, however, cannot be brought within the exception. It is in the nature of a suit to quiet title to personal property, and while such a suit is cognizable in equity, where the requisites of jurisdiction are shown (section 57, Judicial Code [Comp. St. 1913, § 1039]; Burpee v. Guggenheim, 226 Fed. 214, filed in this court, August 11, 1915), the bankrupt could not have brought it in the federal court, and the trustee cannot bring it against the objection of the defendant (Bardes v. Hawarden Bank, supra).

[3] Are the first and second causes of action cognizable in equity, or should they be transferred to the law side of this court? It does not appear that this question has ever been passed upon by the Supreme Court, and the District and Circuit Courts are not in harmony. In Wall v. Cox, 101 Fed. 404, at page 412, 41 C. C. A. 408, at page 417, the Circuit Court of Appeals for the Fourth Circuit held that a trustee in bankruptcy, seeking to set aside a bill of sale and transfer of property previously made by bankrupt and alleged to have been fraudulent under the bankruptcy law, may proceed by bill in equity, and through District Judge Waddill said:

"The petitioners earnestly insist that, if the United States District Court has jurisdiction to entertain a suit of the character under consideration, the action should be by appropriate proceedings at law, and not by bill in equity. That courts of equity are clothed with full power and authority to entertain suits involving questions of fraud in the conveyance and transfer of property, and the annulling and cancellation of such transfers, is too well and firmly settled and established in the jurisprudence of the country to admit of serious question at this late day. 'It is not enough that there is a remedy at law; it must be plainly adequate, or, in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity.' Boyce v. Grundy, 3 Pet. 213, 7 L. Ed. 655. In Clements v. Moore, 6 Wall. 299, 18 L. Ed. 786, the same being a creditors' bill in the District Court to set aside a fraudulent transfer of a stock of goods, the court said that equity is the appropriate remedy, being more flexible and tolerant, and capable of administering justice to fit the particular case, than could be done un-

der the rules of law. 'It is objected that a court of equity has no jurisdiction of the case, because the law affords a complete remedy in damages. This objection is groundless. Equity has always had jurisdiction of fraud, misrepresentation, and concealment; and it does not depend on discovery.' Jones v. Bolles, 9 Wall. 364, 369, 19 L. Ed. 734. 'Jurisdiction in equity attaches unless the legal remedy, both in respect to the final relief and the mode of obtaining it, is as efficient as the remedy which equity would confer under the same circumstances.' Mr. Chief Justice Fuller, in Kilbourn v. Sunderland, 130 U. S. 505, 515, 9 Sup. Ct. 594, 32 L. Ed. 1005."

The Supreme Court, in 181 U. S. 244, 21 Sup. Ct. 642, 45 L. Ed. 845, upon certified questions, passed upon the question of jurisdiction adversely to the decision of the Circuit Court, dismissing the bill, but the right to proceed in equity was not decided.

The District Court for the Southern District of New York, in Pond v. New York National Exchange Bank, 124 Fed. 992, in considering an action by a bankrupt's trustee to recover an alleged preference, held the suit analogous to a suit by a judgment creditor to set aside a fraudulent conveyance, and that it could be maintained in equity. Judge Holt, at page 993, said:

"This suit is analogous to a judgment creditor's suit to set aside a fraudulent conveyance. The original payment, when made, was valid. It would not have been voidable by the bankrupt. It has only become voidable at the election of the trustee in bankruptcy, in the same manner as a fraudulent conveyance may be set aside by a judgment creditor. The jurisdiction in such cases has always been in equity."

The Circuit Court of Appeals, Seventh Circuit, in Off v. Hakes, 142 Fed. 364, at page 366, 73 C. C. A. 464, at page 466, held that courts of bankruptcy have equitable jurisidiction of suits to set aside alleged fraudulent preferences under section 60b of the Bankruptcy Act, conferring on such courts jurisdiction to recover preferences concurrent with that of state courts. Judge Seaman, for the court, said:

"The contention 'that the action was wrongly conceived,' and that the remedy was at law and not in equity, is overruled. It was neither raised seasonably in the trial court, nor is it deemed tenable in our view of the only remedy enforceable under the allegations and evidence. Jurisdiction for recovery of preferences, concurrent with that of state courts, is expressly conferred upon the bankruptcy court by section 60b, as amended, and its equitable jurisdiction to that end is well recognized. Loveland's Law and Proceedings in Bankruptcy (2d Ed.) 82; Collier on Bankruptcy (3d Ed.) par. 37."

The District Court, Western District of New York, in Parker v. Black, 143 Fed. 560, entertained a suit in equity for an accounting, brought by the trustee in bankruptcy against certain creditors of bankrupt, which alleged the transfer by bankrupt of certain moneys, while insolvent, in violation of section 60b of the act. Hazel, Judge, said:

"That the trustee acted within his right in instituting a plenary action for an accounting, instead of restoring to an action at law, seems to be settled by the federal authorities. * * * It will be noted that the language employed in the same sentence includes suits to set aside fraudulent conveyances and suits for the recovery of money paid by the bankrupt to third persons. This would seem to indicate that the Supreme Court regarded the payment of money to a creditor or third person in violation of the bankruptcy act as in the nature of a fraud, misrepresentation, or concealment, and that a remedy in equity would more readily afford adequate relief. Jones v. Bolles, 9 Wall. 364 [19 L. Ed. 734]."

This decision was affirmed by the Circuit Court of Appeals for the Second Circuit. Parker v. Black, 151 Fed. 18, 80 C. C. A. 484. The court said:

"The point is taken, however, that there was a full, adequate, and complete remedy at law to recover the preferential transfer in controversy; and the defense was set up in the answer. Upon this point we think we should follow the decisions made by two different Circuit Courts of Appeals upon a state of facts practically identical with those of the present case, notwithstanding we should have been of a different opinion if the question had been originally presented to us. See Wall v. Cox, 101 Fed. 403, 41 C. C. A. 408; Off v. Hakes, 142 Fed. 364, 73 C. C. A. 464."

The same court, in Parker v. Sherman, 212 Fed. 917, 129 C. C. A. 437, a suit brought under section 67e of the Bankruptcy Act, through Circuit Judge Lacombe, said:

"The suit was in equity, and defendant, under properly reserved exceptions, contends that it cannot be maintained, because complainant has an adequate and sufficient remedy at law. The case is on all fours with the one before us in Parker v. Black, 151 Fed. 18, where, in order that uniformity in bankruptcy practice in the several circuits might be secured, we followed the decisions of two other Circuit Courts of Appeals, although inclined, had it been a new question, to take a different view."

In Grandison v. National Bank of Commerce of Rochester, 220 Fed. 981, a suit brought under section 60b of the Bankruptcy Act, in the District Court, Western District of New York, the court said:

"The objection to the jurisdiction of the court is overruled on the authority of Gregory v. Atkinson (D. C.) 127 Fed. 183, and Parker v. Black (D. C.) 143 Fed. 560."

Opposed to these conclusions is Warmath v. O'Daniel, 159 Fed. 87, 86 C. C. A. 277, 16 L. R. A. (N. S.) 414, in which the court had under consideration a plenary suit under section 60b of the Bankruptcy Act, to recover a preference, and held that there was an adequate remedy at law, that no equitable relief was required, and that under Rev. St. § 723 (Comp. St. 1913, § 1244), suit in equity could not be maintained. Judge Severens, for the court, said:

"The question on this appeal which arises on the first two of the assignments of error is whether the court below was right in overruling the appellant's contention on his demurrer that the suit was not properly brought in equity for the reason that there was a plain, adequate, and complete remedy by an action at law. The objection was taken at the threshold, and the question is not embarrassed by the laches of the defendant in raising it. We think the court should have sustained the demurrer. The judgment sought was for a definite sum of money, precisely that which the court by its decree awarded to the complainants. And the whole sum was recoverable, if any of it was; for the assets of the estate would not come near the amount of the debts. There was no contingency in the liability, or apportionment of the burden among several defendants to be made by the judgment. The response of the court to the demand of the complainants was simply an allowance or refusal of it. Nor was there any embarrassment in the procedure. The evidence produced would be, and was in this case, as completely available in an action at law as in a court of equity. No injunction was sought or required. The issue was one which a jury could readily understand and decide under proper instructions from the court in respect to the law. It is suggested that the court must first set aside the transfer before it could proceed to judgment, and that it is the peculiar province of a court of equity to set aside unlawful transfers. This is an ingenious, but unsubstantial, figment. No distinct or formal preliminary action

·was required or contemplated by the statute. If the defendant had obtained part of the estate which should have come to all the creditors, proof of that fact would entitle the trustees to recover it. Perhaps there may be cases where a declaration of the court may be necessary to completely fulfill all requirements, as where the transfer has been accomplished by a deed or other solemn instrument which may be made matter of record, or is a muniment of * * * the right to sell and convey or mortgage, or do such other things with it as belong to ownership. But in the present case nothing is stated in the bill which makes such a proceeding necessary, nor indeed is anything more required than in any ordinary action at law where the plaintiff is always bound to establish the facts which create the liability, whereupon, and without more, the court gives judgment for the sum he is entitled to recover. * * * The right of a defendant to have his liability determined in an action at law is a substantial one, the value of which is recognized and protected by the statute (section 723, Rev. St. [U. S. Comp. St. 1901, p. 583]), which declares that 'suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law.' The defendant is thereby given an opportunity to have his controversy tried by a jury, a privilege of sufficient importance to be secured by the Constitution and guarded by this positive statute. * * * It is also urged that courts of equity have jurisdiction in cases of fraud, which is true enough but the doctrine has its limitation in that the fraud is not remediable by an action at law. A man may acquire another's property by fraudulent misrepresentations; but if the latter may obtain complete relief in an action at law, as by a judgment for damages or for the recovery of the property by an action of replevin, he cannot resort to a suit in equity."

In Sessler v. Nemcof (D. C. E. D. Pa.) 183 Fed. 656, a trustee in bankruptcy brought a bill in equity, setting out three causes of action— the first based on the alleged conversion of money by defendant, intrusted to him by bankrupt to pay his notes; the second, on the alleged theft or unlawful conversion of property of bankrupt; and the third, on the alleged sale of goods by bankrupt to defendant with intent to defraud creditors and payment of the price to bankrupt after bankruptcy. It was not alleged that any of the money or property remained in defendant's possession. In refusing to entertain the bill the court said:

"If the trustee has an adequate remedy at law, a bill in equity cannot be maintained in this or in any other court. Whatever equitable jurisdiction may have been conferred upon the District Court by the Bankruptcy Act * * * and the amendment thereto, * * * it is confined to controversies relating to a bankrupt estate. Within this limited area whether or not a bill in equity may be maintained ·must be tested by the ordinary rules that govern bills before any other tribunal, and perhaps the most familiar test is to inquire whether the plaintiff has an adequate remedy at law. A decree may be entered dismissing the bill."

The most recent expression is in the case of First State Bank of Milliken v. Spencer, decided by the Circuit Court of Appeals for the Eighth Circuit, and reported in 219 Fed. 503, 135 C. C. A. 253, where a trustee in bankruptcy sought to recover the sum of $1,100 claimed to have been paid to defendant by bankrupt under such circumstances as to constitute a voidable preference. Demurrer was interposed to the bill of complaint on the ground that the bill on its face showed no grounds of equitable relief, and that the equity side of the court had no jurisdiction of the matters therein complained of, and that any right of action the plaintiff had was purely of legal cognizance. The

trial court overruled the demurrer, and after trial, judgment was entered. The Circuit Court, on appeal, through Judge Carland, said:

"The question before us is not whether a court of equity could grant the relief prayed for, but whether the trial court erred in not following the command of section 267, Judicial Code [Comp. St. 1913, § 1244], which reads as follows: 'Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law.' No reason can be suggested why the remedy at law to recover the money in question was not plain, adequate, and complete. If this be so, then the appellant was not only deprived of a substantial right, including a trial by jury, but the plain command of the statute was not followed. It would seem from some of the decisions that courts have fallen into the habit of treating the requirement of the statute lightly where relief can be given in equity. If, in a particular case, the remedy at law is plain, adequate, and complete, then under the statute in such case there can be no concurrent jurisdiction between a court of equity and a court of law, if objection is seasonably made. The statute quoted declared no new principle, but the principle itself which has always ruled courts of equity was of such importance that Congress crystallized it by legislation and placed the matter beyond dispute. It would therefore seem to be the duty of courts to give force and effect to the statute whenever it is applicable. 'This enactment certainly means something.' New York Guaranty Co. v. Memphis Water Co., 107 U. S. 205-214, 2 Sup. Ct. 279, 27 L. Ed. 484. * * * It is entirely irrelevant to say that this is a bankruptcy proceeding, and, as all bankruptcy proceedings are in the nature of equitable actions, therefore this suit is an equitable action. The truth is that it is simply a suit or proceeding arising out of bankruptcy, and whether it shall be prosecuted in equity or at law depends upon the nature of the case and the relief demanded."

The court quotes with approval from the decision of the Circuit Court of Appeals in Warmath v. O'Daniel, supra, and distinguishes or comments upon practically all of the decisions of the Circuit and District Courts recognizing a contrary rule, and in referring to Off v. Hakes, supra, said:

"An examination of the opinion in that case shows that one of the grounds for assuming jurisdiction in equity in that case was that the objection that the proceeding must be at law was not seasonably taken."

And of Wall v. Cox, supra, it said:

"This was simply a creditors' bill, and of course equity had jurisdiction."

And in commenting upon Parker v. Black and Parker v. Sherman, supra, at page 507 of 219 Fed., on page 257 of 135 C. C. A., it said:

"We are not persuaded that a court may set aside the expressed command of a statute for the sake of uniformity of decision."

And in criticizing the decision in Pond v. Bank, supra, it said:

"This question of fraud, however, is well disposed of in Warmath v. O'Daniel, supra. The question of fraud has no importance if there is a plain, adequate, and complete remedy at law. Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451."

In the absence of expression of the Circuit Court of Appeals of this circuit, and the Supreme Court, and harmonious expression from other circuits, on examination of the act and application of the rule of reason, we find that proceedings in bankruptcy are distinguished from suits arising in bankruptcy, under section 23b, and District Courts are given jurisdiction of all controversies at law and in equity, *as dis-*

*tinguished from proceedings in bankruptcy,* "between trustees as such and adverse claimants, concerning the property acquired or claimed by the trustees." Bardes v. Hawarden Bank, supra, 178 U. S. at page 536, 20 Sup. Ct. at page 1005, 44 L. Ed. 1175. Under sections 60b and 67e actions are plenary, and not proceedings in bankruptcy. By the amendment of 1903 jurisdiction of causes predicated upon the sections named was given to *"any court of bankruptcy as hereinbefore defined,"* to be exercised concurrently with "any state court which would have had jurisdiction if bankruptcy had not intervened." In section 1 of the act (Comp. St. 1913, § 9585) we find "courts of bankruptcy" defined as the District Courts of the United States, the Supreme Court of the District of Columbia," etc.; and in section 2 of the act (section 9586) "bankruptcy courts" are "invested * * * with such jurisdiction *at law and in equity* as will enable them to exercise original jurisdiction in *bankruptcy proceedings.* * * *"

"Proceedings in bankruptcy * * * are in the nature of proceedings in equity; and the words 'at law,' in the opening sentence conferring on the courts of bankruptcy 'such jurisdiction, at law and in equity, as will enable them to exercise original jurisdiction in bankruptcy proceedings,' may have been inserted to meet clause 4, authorizing the trial and punishment of offenses, the jurisdiction over which must necessarily be at law and not in equity." Bardes v. Hawarden Bank, supra.

The decision in Bardes v. Hawarden Bank, supra, was rendered prior to the amendment of 1903. The act of 1898 in its original form gave to bankruptcy courts jurisdiction over *proceedings in bankruptcy* only, and as the only proceedings under the act as it then stood, of a legal nature, were proceedings under clause 4 of section 2, authorizing the trial and punishment of offenses, and as stated by the court, the words "at law" were probably inserted to meet the provisions of that clause. The amendment of 1903 to the sections named extends the jurisdiction of "courts of bankruptcy" to the plenary actions therein referred to. The functions of bankruptcy courts are generally equitable; and yet where it is necessary for them to exercise legal functions (as in clause 4, § 2) that power is conferred. The concluding clause of section 2, supra, provides that:

"Nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated."

The bankruptcy courts, in exercising jurisdiction over the plenary suits predicated upon the sections named, must exercise equitable or legal jurisdiction according to the nature of the actions. To determine which is the appropriate remedy, a consideration of the nature of relief sought is necessary, in the light of section 267 of the Judicial Code, which provides:

"Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

"It would be difficult, and perhaps impossible, to state any general rule which would determine, in all cases, what should be deemed a suit in equity as distinguished from an action at law, for particular elements may enter into consideration which would take the matter from one court to the other; but this may be said: That, where an action is simply for the recovery and possession

of specific real or personal property, or for the recovery of a money judgment, the action is one at law." Whitehead v. Shattuck, 138 U. S. 147, at page 151, 11 Sup. Ct. 276, at page 277 (34 L. Ed. 873).

The provisions of sections 60b and 67e, supra, disclose a wide difference as to what is required to show liability. To establish a liability under the former section no actual fraud need be shown. The section merely condemns a transfer by bankrupt within four months for the purpose of creating a preference, providing the party receiving the transfer has reasonable cause to believe that a preference was intended. The legal remedy is entirely adequate, and no relief is offered in equity that the law does not afford. To establish a liability under section 67e actual fraud must be shown, and suits under that provision are peculiarly within the cognizance of and should be entertained by the equity court. Justice Day in Coder v. Arts, 213 U. S. 223, at page 241, 29 Sup. Ct. 436, at page 443 (53 L. Ed. 772, 16 Ann. Cas. 1008), says:

"A consideration of the provisions of the bankruptcy law as to preferences and conveyances shows that there is a wide difference between the two, notwithstanding they are sometimes spoken of in such a way as to confuse the one with the other. A preference, if it have the effect prescribed in paragraph 60, enabling one creditor to obtain a greater portion of the estate than others of the same class, is not necessarily fraudulent. Preferences are set aside when made within four months, with a view to obtaining an equal distribution of the estate, and in such cases it is only essential to show a transfer by an insolvent debtor to one who himself or by his agent knew of the intention to create a preference. In construing the Bankruptcy Act this distinction must be kept constantly in mind. As was said in Githens v. Shiffler, 112 Fed. 505: 'An attempt to prefer is not to be confounded with an attempt to defraud, nor a preferential transfer with a fraudulent one.' In Re Maher, 144 Fed. 503, 509, it was well said by the District Court of Massachusetts: 'In a preferential transfer the fraud is constructive or technical, consisting in the infraction of that rule of equal distribution among all creditors, which it is the policy of the law to enforce when all cannot be fully paid. In a fraudulent transfer the fraud is actual, the bankrupt has secured an advantage for himself out of what in law should belong to his creditors, and not to him.' * * *"

And on page 242 of 213 U. S., on page 444 of 29 Sup. Ct. (53 L. Ed. 772, 16 Ann. Cas. 1008):

"We are of opinion that Congress, in enacting section 67e, and using the terms 'to hinder, delay or defraud creditors,' intended to adopt them in their well-known meaning as being aimed at conveyances intended to defraud. In section 60 merely preferential transfers are defined, and the terms on which they may be set aside are provided. In section 67e, transfers fraudulent under the well-recognized principles of the common-law and the statute of Elizabeth are invalidated. * * * Such transfers have been held to be only those which are actually fraudulent."

Plaintiff has alleged a conspiracy to make the preference charged in the first cause of action. Since conspiracy is not necessary to substantiate the charge, that allegation must be treated as mere surplusage, and does not change the true nature of the action. As to the first cause of action plaintiff has a plain, adequate, and complete remedy at law, and the defendant has the right to have the issue of fact determined by jury. This is a valuable right of which the court has no power to deprive it. Fraud is of the essence of the charge in the second cause

of action, and equity courts are peculiarly adapted to deal with such actions.

The motion as to the first cause of action is granted, and denied as to the second. The third cause of action is dismissed.

