### REED et al. v. GUARANTY SECURITY CORPORATION (two cases).

(District Court, D. Massachusetts. August 1, 1923.)

Nos. 1106, 1661.

1. **Bankruptcy ☞287(3)—Suit to recover preference maintainable in equity.**
    Suit by trustees in bankruptcy to recover money preference is maintainable in equity, as against objection that there is complete and adequate remedy at law.

2. **Bankruptcy ☞166(4)—Transferee held put on inquiry as to whether it would receive greater percentage of debt than other creditors.**
    That bankrupt could only pay creditor $10,000 on debt of $20,000 for money loaned on security of motorcars, which bankrupt sold under circumstances believed by lender to be criminal, put lender on inquiry that it would receive greater percentage of its debt than other creditors.

3. **Bankruptcy ☞140(1)—Conditional sale void as against trustee, when third persons had no means of knowing that bankrupt did not own motorcars.**
    Conditional sale of motorcars to dealer, who was permitted to take possession for purpose of sale, was void as against dealer's trustee in bankruptcy, when persons dealing with the dealer had no means of knowing that the cars did not belong to it, and it was thus enabled to obtain false credit.

In Equity. Two suits by George W. Reed and others against the Guaranty Security Corporation. Decree for plaintiffs in each suit.

Geo. W. Reed, of Boston, Mass.; for plaintiffs.
Charles M. Ludden, of Boston, Mass., for defendant.

LOWELL, District Judge. [1] These were two bills in equity, brought by the trustees in bankruptcy of the Massachusetts Motors Company to set aside alleged preferences. The first concerned a payment of money and the second a transfer of motorcars. In the first case the defendant contended that a bill in equity would not lie, as there was a complete and adequate remedy at law. This question will be considered before proceeding to the merits.

There are several authorities which support the contentions of the defendant, the most important being Warmath v. O'Daniel, 159 Fed. 87, 86 C. C. A. 277, 16 L. R. A. (N. S.) 414; Sessler v. Nemcof (D. C.) 183 Fed. 656; First State Bank v. Spencer, 219 Fed. 503, 135 C. C. A. 253; Simpson v. Western Hardware Co. (D. C.) 227 Fed. 304. The leading case is Warmath v. O'Daniel.

Cases taking the opposite view are Cox v. Wall (D. C.) 99 Fed. 546; Pond v. N. Y. Bank (D. C.) 124 Fed. 992; Re Plant (D. C.) 148 Fed.

37; Parker v. Black (D. C.) 143 Fed. 560; Id., 151 Fed. 18, 80 C. C. A. 484; Parker v. Sherman, 212 Fed. 917, 129 C. C. A. 437.

The practice in this circuit since the well-considered case of Goodenow v. Milliken, Fed. Cas. No. 5,535, decided by Judge Fox in 1871, has been to allow recovery of a money preference by a bill in equity. See, for instance, Cohen v. Goldman, 250 Fed. 599, 162 C. C. A. 615; Tremont Tr. Co. v. Cohen (C. C. A.) 263 Fed. 81.

Judge Brown, in Johnson v. Hanley Co. (D. C.) 188 Fed. 752, seemed to be doubtful of the matter, but as he did not cite the case of Goodenow v. Milliken I do not think he could have had that authority in mind. The rule which prevails in this circuit seems to me to be supported by the better reasoning. Bankruptcy is equitable in its nature. A preference is a creature of the bankruptcy statute, and was unknown to the common law. It is a technical fraud, and was developed by the equity judges of England (Lowell, Bankruptcy, p. 42 et seq.), and did not appear in any statute there until 1869 (Id. p. 44). The amendment of 1903 to the Bankruptcy Act, which was passed on account of the decision of the case of Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, provided that suits to set aside preferences might be brought in courts of bankruptcy, which, except in the few instances mentioned in the Bankruptcy Act, are courts of equitable powers only. Following the practice in this circuit, I denied the defendant's motion to dismiss the first suit and heard them both.

[2] The defendant lent money to the bankrupt and took as security instruments covering certain motorcars, one of the terms of the instrument being that title to the cars should not pass until the loans were paid. By the arrangement between the parties as soon as a car was sold, the loan on that car was to be paid at once. This arrangement was carried out at first, but late in July the defendant learned that the bankrupt had sold cars without paying the loans on them. The amount of indebtedness on this account was about $21,000. The defendant threatened the officers of the bankrupt with arrest if this amount was not paid. Finally, on August 10th, $10,000 was paid to the defendant, and this payment is alleged to be a preference. After this, on the 25th of August, the defendant took possession of all the cars on which it had loaned money. Three days afterwards an involuntary petition in bankruptcy was filed against the bankrupt. This transfer, not being prevented by the bankrupt, is also alleged to be a preference.

The bankrupt was insolvent in July. If the defendant had inquired on the 10th of August, it would have discovered its insolvent condition. The attitude of the defendant is well shown by the testimony of Baker, its general manager. He said:

"Where we take collateral we have no occasion to inquire into the condition of the borrower."

The fact that the bankrupt could pay only $10,000 out of a debt of $21,000, which arose out of a transaction which the defendant regarded as criminal, put the defendant on its inquiry. Watchmaker v. Barnes, 259 Fed. 783, 170 C. C. A. 583.

I find that, when the defendant received the payment of $10,000 on August 10th, it received a greater percentage of its debt than other

creditors of the same class, and that it had reasonable cause to believe that a preference would be effected. This disposes of the first suit.

[3] The outcome of the second suit depends on the effect of the transfer of the motor cars on August 25th. It was agreed that the cars taken by the defendant were worth about $10,000. We have already seen that on August 10th the defendant had reasonable cause to believe that a preference would be effected, and on August 25th the situation of affairs was worse. The defendant contends, however, that, as it retained title to the motorcars, it could take possession of them at any time. This contention is unsound. The cars were given into the possession of the bankrupt to enable them to be sold. Persons dealing with the bankrupt had no means of knowing that the cars did not belong to it. The defendant thus enabled the bankrupt to obtain a false credit. Under such circumstances a conditional sale is void as against a trustee in bankruptcy. Williston, Sales of Goods, § 329, 1 Black, Bankruptcy (3d Ed.) § 316; Rock Island Plow Co. v. Reardon, 222 U. S. 354, 32 Sup. Ct. 164, 56 L. Ed. 231; In re Harrington (D. C.) 212 Fed. 542; Flanders Motor Co. v. Reed, 220 Fed. 642, 136 C. C. A. 250; Spooner v. Cummings, 151 Mass. 313, 23 N. E. 839; Guaranty Security Co. v. Eastern S. S. Co., 241 Mass. 120, 134 N. E. 364.

The defendant's requests for rulings are all denied, except so far as they are covered by the above opinion.

Let a decree be entered in the first suit, equity No. 1106, that the plaintiffs recover the sum of $10,000, and in the second suit that they recover the sum of $8,318.

⬾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes