POND v. NEW YORK NATIONAL EXCH. BANK.

(District Court, S. D. New York.    July 1, 1903.)

1. BANKRUPT ACT—AMENDMENT—EFFECT.
    Act Cong. Feb. 5, 1903, c. 487, § 19 (32 Stat. 801), amending Bankr. Act 1898, and providing that it should not apply to bankruptcy cases pending when the act took effect, but that such cases should be adjudicated and disposed of conformably to the provisions of the original act, prevents the application of the amendment to bankruptcy cases proper, not including a suit by the trustee to recover a preference.

2. SAME—JURISDICTION—VESTED RIGHTS.
    Act Cong. Feb. 5, 1903, c. 487, § 19 (32 Stat. 801), conferring on the federal courts of bankruptcy jurisdiction of a suit brought by a trustee in bankruptcy to recover a preference, conferred jurisdiction on a court which previously did not have jurisdiction of such suit, and was not confined to rights of action subsequently arising, but was available to enforce existing rights of action.

3. SAME—ADEQUATE REMEDY AT LAW.
    Action by a bankrupt's trustee to recover a payment by the bankrupt, alleged to constitute a prohibited preference, authorized to be maintained in the bankruptcy courts by Act Cong. Feb. 5, 1903, c. 487, § 19 (32 Stat. 801), is analogous to a suit by a judgment creditor to set aside a fraudulent conveyance, and hence its maintenance as a suit in equity is not objectionable on the ground of the existence of an adequate remedy at law.

In Bankruptcy.

Richard B. Aldcroftt, for complainant.
George C. De Lacy (Frank L. Crocker, of counsel), for defendant.

HOLT, District Judge.    This is a demurrer to a bill in equity filed to recover $16,000, paid by the bankrupt to the defendant, on the ground that it constituted a preference, prohibited by the bankrupt act.    Various grounds of demurrer are stated.    The only two grounds which require any consideration, in my opinion, are that this court has no jurisdiction, and that the complainant has an adequate remedy at law.    The adjudication in bankruptcy and the election of a trustee took place before the amendment of 1903, authorizing such a suit to be brought in this court.    The defendant claims that the amendment applies only to suits brought by trustees appointed in bankruptcy proceedings in which the adjudication took place after the amendment was adopted.    The amendatory act (Feb. 5, 1903, c. 487, § 19, 32 Stat. 801) provides that it "shall not apply to bankruptcy cases pending when this act takes effect, but such cases shall be adjudicated and disposed of conformably to the provisions" of the original act.    I think that this provision applies to the administration of bankruptcy cases proper, and not to a suit brought by a trustee.    Such a suit is not a bankruptcy case, within the meaning of the provision in the amended act.    The general rule is that the right to any particular remedy is not a vested right, and that a statute creating new remedies, or conferring jurisdiction upon courts which previously did not have it, is not confined to rights of action arising thereafter, but may be availed of to enforce any existing rights of action.    Cooley's Constitutional

¶ 3. See Bankruptcy, vol. 6, Cent. Dig. § 446.

Limitations (5th Ed.) 443, and cases there cited. Section 723 of the U. S. Revised Statutes [U. S. Comp. St. 1901, p. 583] provides that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law." Under this section it is well settled that it is not enough that there is a remedy at law, it must be plain, adequate and complete; that is, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity. Boyce v. Grundy, 3 Pet. 213, 7 L. Ed. 655; Thompson v. Allen Co., 115 U. S. 550, 6 Sup. Ct. 140, 29 L. Ed. 472.

This suit is analogous to a judgment creditor's suit to set aside a fraudulent conveyance. The original payment, when made, was valid. It would not have been voidable by the bankrupt. It has only become voidable at the election of the trustee in bankruptcy, in the same manner as a fraudulent conveyance may be set aside by a judgment creditor. The jurisdiction in such cases has always been in equity. Many such suits in equity were brought by trustees in bankruptcy under the act of 1867; for instance, Grant v. Natl. Bank, 97 U. S. 80, 24 L. Ed. 971; Rogers v. Palmer, 102 U. S. 263, 26 L. Ed. 164; Stucky v. Masonic Savings Bank, 108 U. S. 74, 2 Sup. Ct. 219, 27 L. Ed. 640. Under the present act, it has been held that a suit in equity is the proper remedy. Wall v. Cox, 101 Fed. 403, 41 C. C. A. 408. This was one of the cases which held that the district court had jurisdiction of such suits under the original act, before the decision of the United States Supreme Court in Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, which established the contrary rule; but the portion of the opinion which relates to the question whether such a suit shall be brought in equity or at law is entirely applicable to cases arising under the amended act.

My conclusion is that the demurrer should be overruled, with leave to the defendant to answer upon payment of costs.