## WESTALL et al. v. AVERY.

(Circuit Court of Appeals, Fourth Circuit. June 9, 1909.)

### No. 877.

1. BANKRUPTCY (§ 22*)—PROCEDURE—EQUITABLE CHARACTER OF PROCEEDINGS.

Bankruptcy proceedings are purely equitable in their character, and, within the limits prescribed by the bankruptcy acts and the special rules of practice prescribed by the Supreme Court, are to be administered in accord with the general principles and practices of equity.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 22.*]

2. BANKRUPTCY (§ 287*)—ACTION BY TRUSTEE—FORM OF REMEDY.

A proceeding by a trustee in bankruptcy to set aside fraudulent conveyances or illegal preferences is not a proceeding in bankruptcy, but, while ancillary to such proceedings and authorized by the bankruptcy act to be instituted in either the federal District Court or in a state court of competent jurisdiction, it must be governed, so far as pleading and practice are concerned, by the laws and rules of the court wherein it is instituted, and, where that is a federal court, such suits are in equity, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

governed by the rules of pleading and practice in equity which obtain in such court independently of the state practice.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 287.*]

3. ARBITRATION AND AWARD (§ 82*)—REFERENCE—FINDING—REVIEW.

A proceeding by a trustee in bankruptcy to set aside conveyances as fraudulent was instituted in a District Court as an action at law, and, after evidence had been taken before a jury and a verdict directed as to two issues, by agreement in open court an order was entered referring the cause and all other issues arising upon the pleadings to a person designated to take and state the evidence and his conclusions of law and fact thereon to the next term of court for its further action. *Held*, that such order in effect constituted such person an arbitrator, and that his finding could be reviewed by the court only for fraud, misconduct, or other recognized legal reasons authorizing the setting aside of an arbitrator's award.

[Ed. Note.—For other cases, see Arbitration and Award, Dec. Dig. § 82.*

Setting aside an award for interest, prejudice, or misconduct of arbitrator, see note to Nolan v. Colorado Central Consolidated Mining Co., 12 C. C. A. 592.]

In Error to and Appeal from the District Court of the United States for the Western District of North Carolina, at Statesville.

Avery, trustee for J. A. Townsend & Co., bankrupts, filed his "complaint" on the law side of the Circuit Court below, seeking to set aside as fraudulent three contracts made by the bankrupt, J. A. Townsend; the one, a deed of trust to Abernathy, trustee, dated January 13, 1903, to secure Westall $6,250, the second, bearing the same date, to Westall, whereby he (Townsend) was to ship to Westall all lumber manufactured from certain lands set forth in the deed of trust above referred to, "as well as from all other lands upon which the said W. H. Westall * * * contracts * * * to buy timber in Burke county," and the third, executed in August, 1903, whereby Townsend turned over to Westall the possession of the stock of goods, conveyed by the deed of trust to Abernathy, trustee, and to have the title and possession to the properties embraced in said contracts vested in him as such trustee in bankruptcy, as also to have Westall account to him for the value of all such property converted by him. Subsequently, by reason of doubt of the Circuit Court's jurisdiction, counsel agreed with the acquiescence of the District Court, that service should be accepted in the District Court, that pleadings filed in the Circuit Court should be read as pleadings in and the case tried by the District Court.

The joint answer of Westall and Abernathy, trustee, was filed denying the charges of fraud and fraudulent intent charged, and the right of plaintiff to be vested with title to the properties or to have the accounting from Westall claimed by him. On December 16, 1904, a jury was impaneled to try this "action," and some 13 issues were submitted to it. After taking testimony touching these issues, five days later, the court directed the jury to answer the first issue in the negative. This issue was: "Did the defendant, J. A. Townsend, make and deliver the trust deed of January 13, 1903, with intent to hinder, delay, and defraud his creditors?" He also directed the jury to answer in the affirmative the fourth issue, which was: "Did Townsend and Westall enter into an oral agreement on the 13th of January, 1903, and, if so, are the terms of said agreement embraced in the writing bearing that date signed by Townsend and Westall, but admitted to have been executed on the 4th of July, 1903?" Thereupon, "by consent of the parties, expressed in open court," it was ordered that "said case and all other issues arising upon the pleadings" should be referred to A. Burwell, Esq., who should "take and state the evidence and his conclusions of law and fact thereon" to the next term of court

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for its action, this, however, to be without prejudice to the exception taken by the plaintiff to the court's action directing the jury's findings to issues 1 and 4 as above set forth. Burwell on June 11, 1906, filed his report finding the remaining 11 issues undetermined by the court and jury, and some 7 additional ones submitted by plaintiff's counsel, adversely to plaintiff's contentions, and determining "from the facts found by the jury, by the answers to record issues Nos. 1 and 4, and the facts by me stated above in my answer to the other record issues and the issues submitted to me by plaintiff's counsel, * * * that the plaintiff trustee is not entitled to recover of the defendant, W. H. Westall, anything in this action." To this report of Burwell, the plaintiff filed some 19 exceptions, and upon consideration of these exceptions the court below entered a decree in the "action" in which is set forth five additional findings of fact by the court itself, in contradiction and modification of those found by Burwell, by reason of which the plaintiff trustee was held to be entitled to recover from Westall $3,710.34, "the value of the lumber on the yard at Hildebrand, N. C., not embraced in the deed of trust," $266.47, "the value of the two Cook notes," and the full costs of the "action," except that the allowance to Burwell and to his stenographer for their services are divided equally. To this decree of the court the defendants filed at the time 13 exceptions and have in this court assigned 14 errors.

Charles A. Moore and W. A. Self (Moore & Rollins, on the briefs), for plaintiffs in error and appellants.

Charles H. Armfield and Wilfred D. Turner, for defendant in error and appellee.

Before GOFF and PRITCHARD, Circuit Judges, and DAYTON, District Judge.

DAYTON, District Judge (after stating the facts as above). In view of the anomalous proceedings had in this cause, whereby an action at law was started in the Circuit Court, by consent, considered and determined in the District Court, first submitted to a jury, then by consent withdrawn, by like consent referred to an arbitrator, and finally adjudicated by a decree in equity, whereby so much doubt has arisen that it has been brought here and docketed under a combined writ of error and appeal, it would seem both pertinent and necessary to state that it is well settled that bankruptcy proceedings themselves are purely equitable in their character, and, within the limits prescribed by the bankruptcy acts and the special rules of practice prescribed by the Supreme Court, are to be administered in accord with the general principles and practices of equity; but, independent of this, it is also well settled that a proceeding instituted by a bankrupt's trustee to set aside fraudulent conveyances or illegal preferences is not a proceeding in bankruptcy, but, while ancillary to such proceeding and authorized by the bankrupt act to be instituted in either the federal District Court or in a state court of competent jurisdiction, it must be governed, so far as pleading and practice is concerned, by the laws and rules of the court wherein it is instituted. Loveland, Bkcy. (3d Ed.), 618; Pond v. N. Y. Nat. Ex. Bank (D. C.) 124 Fed. 992. And, further, it is to be borne in mind that the equity practice of the federal courts is independent of, and unaffected by, state laws as to procedure in state courts. Payne v. Hook, 7 Wall. 430, 19 L. Ed. 261; Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358.

In federal courts the rules of the High Court of Chancery in England are recognized as "the common law of chancery" and an authoritative exposition of the principles, rules, and usages belonging to courts of equity, except so far as they may be modified by federal statute and by rules promulgated by the Supreme Court. Penn'a v. Wheeling, etc., Bridge Co., 13 How. 563, 14 L. Ed. 249.

Finally, it is to be observed that federal courts, both when exercising general jurisdiction and also when exercising the special one conferred by the bankruptcy act in this particular, require suits to set aside deeds and contracts as fraudulent to be instituted in equity. Wall v. Cox, 101 Fed. 403, 41 C. C. A. 408; Horner-Gaylord Co. v. Miller & Bennett (D. C.) 147 Fed. 295; Pond v. N. Y. Ex. Bank (D. C.) 124 Fed. 992; Rogers v. Palmer, 102 U. S. 263, 26 L. Ed. 164; Grant v. Bank, 97 U. S. 80, 24 L. Ed. 971; Stucky v. Masonic Bank, 108 U. S. 74, 2 Sup. Ct. 219, 27 L. Ed. 640.

It therefore follows that, while this proceeding might have, under the Code practice of North Carolina, been instituted as a law action in its own courts, having been instituted in the federal courts there, it necessarily had to be instituted in equity, and the "complaint" could only be considered and maintained as a bill in equity. The effort therefore to try by jury the matters involved was unwarranted, and this application to this court must be regarded as an appeal, and not a writ of error.

Regarding it as such, the question for us to determine is whether or not the court below was justified in entering the decree complained of, modifying the findings of fact and the conclusion of law ascertained by Burwell, to whom the matter had been referred by consent of parties. We are constrained to hold that such decree was not authorized for two reasons: First, because, under all the circumstances and anomalous proceedings had, it would seem clear that the parties by consent constituted Burwell in practical effect an arbitrator to settle and determine the matters in controversy. It is to be remembered that after at least four days of taking testimony before the jury upon the theory that the proceeding was one at law, and after the court had directed a verdict as to the two essential issues favorable to defendants Westall and Abernathy, the parties in open court agreed that:

"Said case and all other issues arising upon the pleadings be, and the same are now hereby referred to A. Burwell, Esq., who will take and state the evidence and his conclusions of law and fact thereon to the next term of this court for further action of the court."

It will be perceived that this reference was not to Burwell as either a referee or master of the court, nor did the order constitute him a special master pro hæc vice. The whole case was referred to him as a private individual and gave him power to "conclude" as to both the law and the facts involved. He was to report his conclusion to the court, it is true, "for further action of the court." What further action by the court was contemplated? Was it any other or further than that usual in cases of arbitration where the award is provided to be entered up as the judgment of the court unless it should be prop-

erly assailed and set·aside for fraud, misconduct, or other well-settled legal reasons? We think not. On the contrary, it was, at least, fully within the scope of the ruling in Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764, where, by consent, a special master was constituted to "hear the evidence and decide all issues between the parties and make his report to this court, * * * which report shall be subject to like exceptions as other reports of masters." In that case, notwithstanding the last provision subjecting the special master's report "to exceptions as other reports of masters," it was held: It is not within the general province of a master to pass upon all the issues in an equity case, and the court cannot refer to him the entire decision of a case without the consent of the parties; but when the parties consent to a reference of a case to a master to hear and decide all the issues therein, and such reference is entered as a rule of the court, his findings cannot be disregarded at the mere discretion of the court, but are to be taken as presumptively correct—subject, however, to be reviewed under the reservation contained in the order of the court for manifest error.

But suppose, as in this case, no reservation to review is contained in the order. Does not such unqualified reference, by consent of parties, to a private individual, constitute him an arbiter? We think so. But, second, if there be any doubt as to this, we are satisfied that the independent additional findings of fact by the court below were not warranted by the evidence, and, in view of the finding as to issues "Nos. 1 and 4" practically by the court itself, were wholly immaterial and did not justify the decree against Westall for the two items set forth in the decree. By finding No. 1 the deed of trust was held not to be fraudulent. By finding No. 4, the other material contract assailed by the "complaint" was held to have been made orally on the same day as the deed of trust and to have been subsequently reduced to writing on July 4th following. The deed of trust and the contract were therefore found to have been consummated more than four months before the bankruptcy proceeding. The "lumber on the yard at Hildebrand, N. C., not embraced in the deed of trust," for which the court below found Westall responsible to Townsend's trustee in bankruptcy, was clearly there, in its manufactured state, by reason of this last contract so upheld by the court. By reason of its terms and conditions, the timber from which this lumber was manufactured had been purchased with Westall's money furnished to Townsend for the purpose, and it was always to be in Westall's name, "in whom the title thereto shall always be and remain." This contract simply constituted Townsend a purchasing agent for Westall of timber which Westall permitted him to saw and manufacture into lumber at agreed prices and ship to him (Westall) in this manufactured state. The original timber and the lumber manufactured therefrom was at all times Westall's. By advancements made, Westall had more than provided for Townsend's compensation for sawing and shipping it. Townsend's trustee in bankruptcy under this valid contract not impeachable for fraud, could take no better title or have any better right than the bankrupt had. What matter it then what efforts Westall made to get possession

of his own property, and what misconduct on the part of Townsend could effect his right thereto in the interest of his trustee?

As to the Cook notes, the value of which constitutes the second item charged by the court against Westall, it is clear that property in these notes was acquired by Townsend through the unauthorized application thereto of Westall's money, by reason whereof they were assigned without fraud by Townsend to Westall. In view of these facts, we are fully convinced that the court below erred in modifying the finding or award of Burwell, but that the conclusion of the latter that "the plaintiff trustee is not entitled to recover of the defendant, W. H. Westall, anything in this action," was entirely justified in law and by the evidence. The decree of the court below must therefore be reversed, and the cause remanded, with instructions to dismiss the bill, with decree for all costs incurred in this court and the court below in favor of Westall and Abernathy, trustee, against the plaintiff, A. C. Avery, Jr., trustee of the bankrupts, but payable only out of the assets of said bankrupts in his hands as such trustee to be administered.

Reversed.