**In re JUDITH GAP COMMERCIAL CO.**

**BILLINGS CREDIT MEN'S ASS'N v. BOGERT.**

(Circuit Court of Appeals, Ninth Circuit. May 11, 1925.)

No. 4399.

1. **Bankruptcy** ⊜132—**Court cannot remove trustee on its own motion without complaint of creditors.**

Under Bankruptcy Act 1898, § 2 (17), being Comp. St. § 9586, bankruptcy court has no power to remove bankruptcy trustee on its own motion, but it can remove trustee only on complaint of creditors, or on proceeding by referee under general orders of Supreme Court, No. 17.

2. **Bankruptcy** ⊜11—**Provision that enumeration of specific powers shall not deprive bankruptcy court of others does not extend to powers beyond those conferred.**

Provision of Bankruptcy Act 1898, § 2 (17), being Comp. St. § 9586, that enumeration of specific powers shall not deprive bankruptcy court of any power it would possess without such enumeration, does not extend to provisions beyond those expressly conferred and those necessary to give full effect to jurisdiction specifically conferred.

3. **Bankruptcy** ⊜22—**Bankruptcy proceedings must be administered in accordance with Bankruptcy Act and general orders, and not under any broad unlimited equity power.**

Jurisdiction of bankruptcy court is limited by statute, and, though bankruptcy proceedings are equitable in their nature, they are to be administered in accordance with Bankruptcy Act (Comp. St. §§ 9585–9656) and general orders, and not under any broad unlimited equity power.

In Bankruptcy. In the matter of Judith Gap Commercial Company, bankrupt. On petition of the Billings Credit Men's Association to revise an order of the District Court (1 F.[2d] 508), removing bankruptcy trustee, opposed by E. A. Bogert. Order reversed.

This matter is closely related to In re Judith Gap Commercial Co. (Billings Credit Men's Association v. Bogert) (C. C. A.) 298 F. 89, and comes before us upon a petition for revision filed by Billings Credit Men's Association, a corporation, in that same bankruptcy proceeding.

This court having decided that the bankruptcy court could not, without notice or hearing, remove the trustee by simply disapproving the original appointment by creditors, expressed the further view that the order of removal of the trustee could not be sustained upon the ground of any inherent power vested in the District Court as a court of bankruptcy or as a court of equity. After

our decision, the District Court made an order requiring the petitioner as trustee to show cause why its election and approval as trustee of the bankrupt corporation should not be disapproved and vacated, and why it should not be removed as trustee. That order appears to have been made by the court of its own motion and without any preliminary application or petition by any complaining creditor. Petitioner appeared specially and challenged the jurisdiction of ·the District Court. The court overruled the special appearance, whereupon petitioner appeared generally and interposed a general denial of all allegations of misconduct upon which the District Court based the initial order to show cause. The general appearance was made under the requirements of a rule of the United States District Court for Montana, but under which by the general appearance the objections raised under the special appearance were not waived. The District Court regarded all records, files, and evidence that had theretofore been brought into the proceedings as before the court upon the hearing of the matter. Petitioner offered no evidence. The court held that if it appeared that the trustee was delinquent or was endeavoring to divert assets or otherwise acting to the prejudice of the estate, the court could and ought to remove the trustee, and that as the records and files disclosed that the trustee had been unfaithful, it was ordered removed. Thereafter, pursuant to the order made by the court, the referee in bankruptcy called a meeting of the creditors of the bankrupt, and as no creditors appeared, E. A. Bogert, respondent herein, was appointed trustee and now claims to be vested with the right to the possession of the assets of the bankrupt and to an accounting therefor from the petitioner herein.

Sterling M. Wood and R. E. Cooke, both of Billings, Mont., for petitioner.

Edmund A. Bogert, of Lewistown, Mont., in pro. per.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit, Judge (after stating the facts as above). [1] The petitioner takes the position that the order to show cause made after the decision of this court and the subsequent order based thereon, removing petitioner as trustee, are void as in excess of the jurisdiction of the District Court, while respondent contends that the District Court had the power to remove the petitioner as trustee for cause, without complaint of the creditors.

Under the Bankruptcy Act of 1867, § 18 (section 5039, Rev. St.) the court, after due notice and hearing, was expressly given power to "remove an assignee for any cause" which in the judgment of the court rendered such removal "necessary or expedient." Constructions of that statute were that the removal of an assignee was entirely within the discretion of the District Court; that it was the judgment of the District Court upon the necessity or expediency of the removal that decided the question of removal; and that the discretion lodged could not be reviewed by the Circuit Court. In re Adler, 1 Fed. Cas. No. 82. But under the Bankruptcy Act of 1898, § 2 (Comp. St. § 9586), the bankruptcy courts are invested with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, (17) "pursuant to the recommendation of creditors, or when they neglect to recommend the appointment of trustees, appoint trustees, and upon complaints of creditors, remove trustees for cause upon hearings and after notices to them." It is to be noted that while the two statutes have express requirements that there shall be notice and hearing before the power to remove the trustee can be exerted, there is a significant difference in the proceedings made the basis for invoking the power of removal. Under the older statute there was no prescribed foundation upon which the power of the court to hear could be called into action; whereas, under the later (1898) act, jurisdiction in the bankruptcy proceeding to remove the trustee is expressly upon complaint of creditors. In the one instance, the court might proceed either upon complaint or other basis or on its own motion; in the other, it may move upon the complaint of creditors. What was formerly power to proceed not restricted by the necessity of antecedent complaint or petition is now confined to instances where a creditor or creditors complain and to instances not material herein, covered by General Order XVII. It seems to us that the provisions of the later act (1898) are so clear in narrowing the power to remove that had been theretofore in the bankruptcy court that they lead to but one view, namely, that without the foundation of a complaint by creditors, or a proceeding under general orders by the referee, there is no power in the court to proceed and remove. Our opinion is therefore that proceedings for the removal of the trustee must be carried on pursuant to the Bankruptcy Act and the general orders adopted by the Supreme Court and the forms (52, 53, 54) for complaint by

a creditor or creditors. Woodman on Trustees in Bankruptcy, § 554.

[2, 3] The argument that there is inherent power to remove the trustee rests upon the clause in section 2 of the Act of 1898, providing that nothing in that section shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not therein enumerated. But that clause does not extend to the powers beyond those expressly conferred by Congress and those necessary to give full effect to the jurisdiction specifically conferred; nor is it inconsistent with the established doctrine that always is jurisdiction in bankruptcy limited by statute, and that though bankruptcy proceedings are equitable in their nature and must be carried on as such, nevertheless they are to be administered in accord with the Bankruptcy Act and general orders, and not by virtue of any broad unlimited equity power. Bardes v. Bank, 178 U. S. 524, 28 S. Ct. 1000, 44 L. Ed. 1175; Westall v. Avery, 171 F. 626, 96 C. C. A. 428; Nelson v. Sven Pub. Co. (D. C.) 178 F. 136.

From what we have said the conclusion is that it was beyond the power of the court to remove the trustee of its own motion, and its order must be set aside.

Reversed.