5 F.2d 307 (1925)
In re JUDITH GAP COMMERCIAL CO.
BILLINGS CREDIT MEN'S ASS'N
v.
BOGERT.
No. 4399.
Circuit Court of Appeals, Ninth Circuit.
May 11, 1925.
*308 Sterling M. Wood and R. E. Cooke, both of Billings, Mont., for petitioner.
Edmund A. Bogert, of Lewistown, Mont., in pro. per.
Before GILBERT, HUNT, and RUDKIN, Circuit Judges.
HUNT, Circuit Judge (after stating the facts as above).
The petitioner takes the position that the order to show cause made after the decision of this court and the subsequent order based thereon, removing petitioner as trustee, are void as in excess of the jurisdiction of the District Court, while respondent contends that the District Court had the power to remove the petitioner as trustee for cause, without complaint of the creditors.
Under the Bankruptcy Act of 1867, § 18 (section 5039, Rev. St.) the court, after due notice and hearing, was expressly given power to "remove an assignee for any cause" which in the judgment of the court rendered such removal "necessary or expedient." Constructions of that statute were that the removal of an assignee was entirely within the discretion of the District Court; that it was the judgment of the District Court upon the necessity or expediency of the removal that decided the question of removal; and that the discretion lodged could not be reviewed by the Circuit Court. In re Adler, 1 Fed. Cas. No. 82. But under the Bankruptcy Act of 1898, § 2 (Comp. St. § 9586), the bankruptcy courts are invested with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, (17) "pursuant to the recommendation of creditors, or when they neglect to recommend the appointment of trustees, appoint trustees, and upon complaints of creditors, remove trustees for cause upon hearings and after notices to them." It is to be noted that while the two statutes have express requirements that there shall be notice and hearing before the power to remove the trustee can be exerted, there is a significant difference in the proceedings made the basis for invoking the power of removal. Under the older statute there was no prescribed foundation upon which the power of the court to hear could be called into action; whereas, under the later (1898) act, jurisdiction in the bankruptcy proceeding to remove the trustee is expressly upon complaint of creditors. In the one instance, the court might proceed either upon complaint or other basis or on its own motion; in the other, it may move upon the complaint of creditors. What was formerly power to proceed not restricted by the necessity of antecedent complaint or petition is now confined to instances where a creditor or creditors complain and to instances not material herein, covered by General Order XVII. It seems to us that the provisions of the later act (1898) are so clear in narrowing the power to remove that had been theretofore in the bankruptcy court that they lead to but one view, namely, that without the foundation of a complaint by creditors, or a proceeding under general orders by the referee, there is no power in the court to proceed and remove. Our opinion is therefore that proceedings for the removal of the trustee must be carried on pursuant to the Bankruptcy Act and the general orders adopted by the Supreme Court and the forms (52, 53, 54) for complaint by *309 a creditor or creditors. Woodman on Trustees in Bankruptcy, § 554.
The argument that there is inherent power to remove the trustee rests upon the clause in section 2 of the Act of 1898, providing that nothing in that section shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not therein enumerated. But that clause does not extend to the powers beyond those expressly conferred by Congress and those necessary to give full effect to the jurisdiction specifically conferred; nor is it inconsistent with the established doctrine that always is jurisdiction in bankruptcy limited by statute, and that though bankruptcy proceedings are equitable in their nature and must be carried on as such, nevertheless they are to be administered in accord with the Bankruptcy Act and general orders, and not by virtue of any broad unlimited equity power. Bardes v. Bank, 178 U. S. 524, 28 S. Ct. 1000, 44 L. Ed. 1175; Westall v. Avery, 171 F. 626, 96 C. C. A. 428; Nelson v. Sven Pub. Co. (D. C.) 178 F. 136.
From what we have said the conclusion is that it was beyond the power of the court to remove the trustee of its own motion, and its order must be set aside.
Reversed.