**In re VASQUES.**

No. 13078.

District Court, W. D. New York.

June 11, 1931.

Ueck, Manchester & Carriero, of Buffalo, N. Y. (John S. Carriero, of Buffalo, N. Y., of counsel), for bankrupt.

F. M. Joslyn, of Buffalo, N. Y., for contestant.

ADLER, District Judge.

This is a motion to confirm the report of the special master herein that the bankrupt be permitted to file his petition for discharge in bankruptcy nunc pro tunc as of January 30, 1928.

The bankrupt filed a voluntary petition in bankruptcy in November, 1927. The special master found that on January 30, 1928, the bankrupt signed and acknowledged a petition for his discharge in bankruptcy at the office of his attorney in the Ellicott Square Building in the city of Buffalo, N. Y. That the attorney thereupon instructed his clerk to mail the petition to the clerk of the United States District Court in the Federal Building at Buffalo. That the petition for the discharge was duly mailed.

There is no record of the petition ever having been received by the clerk of the District Court, and consequently no notice to creditors or order to show cause was mailed or published. The attorney for the bankrupt did no act in connection with the proceeding after the mailing of the petition on January 30, 1928, and paid no further attention to it until this motion to permit the bankrupt to file the petition nunc pro tunc was made in January, 1931, about three years later.

The special master has found as a conclusion of law that the bankrupt is entitled to refile his petition nunc pro tunc as of the 30th day of January, 1928, the date of the mailing of his original petition. I do not agree with that conclusion. The court is without jurisdiction to permit the filing of a petition for discharge after the extreme period of eighteen months provided in the statute. The court cannot by a nunc pro tunc order extend the statutory period. In re Fahy (D. C.) 116 F. 239; Taunton (D. C.) 216 F. 987.

In view of my conclusion that the court has no jurisdiction after the expiration of the statutory time limit, it is unnecessary to consider the other questions raised upon the motion.

The report of the special master herein is not confirmed, and the application of the bankrupt to file his petition nunc pro tunc is denied.