### In re GIERA.

District Court, S. D. New York.

Oct. 5, 1935.

John D. Lyons, of Monticello, N. Y., and Walter G. C. Otto, of New Rochelle, N. Y., for certain creditors.

Lionel Golub, of New York City, for petitioners Isaac Oshlag and J. M. Perley.

HULBERT, District Judge.

Philip D. F. Giera was adjudicated a bankrupt on July 28, 1934, and filed his schedule of creditors and property on that date.

The first meeting of creditors was held on September 26, 1934. Claims of creditors filed then (and subsequent thereto) duly allowed, aggregated $170,799.97 in amount and 14 in number.

A trustee was elected and qualified, and the bankrupt and other witnesses have been examined.

On August 28, 1935, the bankrupt offered terms of composition to his creditors at the rate of 1 per cent., and further agreed to pay all priority claims and expenses of administration.

An attempt was made by Dr. Isaac Oshlag, a creditor in the sum of $91,919.40, and J. M. Perley, a creditor in the sum of $121,711, or a total of $213,630.40, to file claims executed August 29, 1935, and forwarded by mail on August 30, 1935, to the referee who returned same promptly upon the ground that the time to file claims had long since expired.

Section 57n, as amended by Act May 27, 1926, § 13 (USCA tit. 11, § 93 (n), provides as follows: "(n) Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment; Provided, That the right of infants and insane persons without guardians, without notice of the proceedings, may continue six months longer."

The foregoing provision is not only a statute of limitations; it is a prohibition and is peremptory. In re Brill (D. C. N. Y. 1931) 52 F.(2d) 636, affirmed without opinion (C. C. A. 2, 1931) 52 F.(2d) 639.

Oshlag and Perley have brought on a motion for an order directing the referee to receive, file, and allow said claims (which, upon the argument, their counsel conceded the court was without power to do), or, in the alternative, to allow

the filing thereof to the extent of participating in the composition effected.

It appears that a special meeting of creditors was held pursuant to notice on September 26, 1935, at which the bankrupt and his counsel were present and ten of the creditors who had filed claims aggregating $131,335.49 opposed and none favored the proposed compromise.

There also came on before the court the referee's certificate of composition wherein he states: "That under the circumstances it appears that said composition is not in the best interest of the creditors and is entirely unacceptable."

The petitioners state very frankly in their moving affidavits that said claims were not filed within the statutory period because it was thought this was a "no asset" case, but that the bankrupt intends to file a further offer of compromise and they desire to participate therein.

The petitioners rely upon In re Atlantic Const. Co. (D. C.) 228 F. 571, wherein Circuit Court Judge Learned Hand, then a judge of this court, pointed out the distinction between the necessity for filing claims incidental to the distribution of dividends in a bankruptcy proceeding and a composition where the dividend is necessarily fixed by the bankrupt upon the schedules alone.

It is interesting to note, however, that in the case referred to the statutory period for filing claims under section 57, subd. (n) (11 USCA § 93 (n), which was then one year, had not expired. Judge Hand said: "If the offer were made after the year expired, so that the bankrupt knew the only creditors who could in any event administer his estate, the result might well be different. That question I leave till it arises, but obviously one of the rights of the creditors might be to have as large as possible an offer from the bankrupt to weigh against their own administration of the estate. Obviously the bankrupt cannot make as large an offer if he must include scheduled creditors who have not proved. Such considerations do not apply when the bankrupt makes his offer before the year is up, because at that time he must take the chance in any event that all who are scheduled may prove. * * * In re French (D. C.) 181 F. 583, does not touch the case at bar, because the offer was made after the year had expired."

It also appears that on *November 14, 1934,* the bankrupt applied for and the referee reported against his discharge. The report of the referee was apparently confirmed upon failure of the bankrupt to submit the stenographer's minutes, but thereafter, when the minutes were produced by the bankrupt, the District Judge before whom that particular phase of the proceeding was pending reopened the matter and it has not been finally decided, otherwise the bankrupt could not have offered a compromise.

The bankrupt and his family are tenants of a 3,000 acre estate located in Thompson and Bethel townships, Sullivan county, N. Y. He claims to have invested about $400,000 in the acquisition and development of this property, the title to which is vested in the Mongaup Valley Co., "a family corporation." All of the capital stock of that company was originally issued to the bankrupt, who subsequently transferred two-thirds thereof to his son for a nominal consideration, and the balance to Dr. Oshlag, one of the petitioners, as collateral security for one of the claims in question.

A suit by the trustee is pending in the state court against the said Mongaup Valley Company to reduce said property to the possession of the trustee. It seems altogether probable that the diligence of the creditors who have filed claims, and the trustee, brought about the compromise proposed and rejected and will bring assets into the estate from which a dividend may be paid if the trustee is successful in the prosecution of the aforesaid action. The sudden desire of the petitioners to participate in the fruits of the labors of others does not commend itself to this court.

The report of the referee will be confirmed and the motions of Oshlag and Perley denied, without prejudice to a renewal if and when a further composition is offered. Settle order on two days' notice.