## FOURTEENTH AVE. SECURITY LOAN ASS'N v. SQUIRE.

### No. 6450.

Circuit Court of Appeals, Third Circuit.

April 1, 1938.

Rehearing Denied June 3, 1938.

Lawrence Friedman, of Newark, N. J. (Philip J. Schotland, of Newark, N. J., of counsel), for appellant.

George H. Rosenstein, of Newark, N. J., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

The appellee filed a voluntary petition in bankruptcy upon January 18, 1936, and was duly adjudged a bankrupt upon the same day. The schedules filed by him omitted to schedule the claim of the appellant which was a judgment-creditor in the sum of $369.57. The appellee alleges that this omission was due to inadvertence since he was unaware that the appellant had secured a judgment against him. The estate of the appellee was without assets.

A discharge was granted to the appellee upon July 13, 1936, and thereafter the appellant sought to collect the judgment referred to. Upon April 14, 1937, the appellee filed a petition in the District Court, setting forth the facts referred to above and praying that the court enter a decree vacating and setting aside his discharge and that he be permitted to amend his schedules in such wise as to include the appellant. Upon April 26, 1937, the learned district judge entered a decree vacating and setting aside the appellee's discharge, authorizing him to amend his schedules to include the appellant's claim, requiring the appellee to submit to examination before a referee, and, finally, authorizing the appellee to file a new petition for discharge with notice thereof to the appellant.

The appellant contends that the provisions of section 57n of the Bankruptcy Act, as amended, 11 U.S.C.A. § 93(n), prohibit the filing of claims after the six-month

800

statutory period has expired; In re Brill, D.C., 52 F.2d 636, 639; In re Baker's Baking Co., D.C., 285 F. 652; In re Giera, D. C., 12 F.Supp. 340; In re Rose Co., D.C., 43 F.2d 446; and that therefore there was no power in the District Court to vacate the appellee's discharge and to grant him permission to schedule the appellant's claim since that claim could not be filed. In re Spicer, D.C., 145 F. 431; In re Atlas, D.C., 49 F.2d 474.

The appellee contends that though no express provision of the Bankruptcy Act authorizes the setting aside of a bankrupt's discharge, section 15 of the act, 11 U.S.C.A. § 33, dealing solely with the revocation of a discharge for cause, none the less a court of bankruptcy, being a court of equity, possesses general equitable powers to amend, alter, or set aside its decrees in conformity with the ends of justice; Westall v. Avery, 4 Cir., 171 F. 626; Collier on Bankruptcy, 13th Ed., Vol. 1, p. 39; Ex parte Steele, D.C., 162 F. 694; In re Waugh, 9 Cir., 133 F. 281; and that in vacating the discharge and permitting the scheduling of the appellant's claim, the District Court has not abused its discretion, since the appellant is simply put upon a parity with the other creditors of the bankrupt estate, the estate being devoid of assets. So far as these parts of the decree are concerned, we are of the opinion that the court below possessed power to set aside its decree of discharge and has not abused its discretion in doing so.

But another consideration presents itself. Section 14a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 32(a), provides:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

It follows from the terms of the statute quoted that unless the bankrupt makes application for his discharge prior to the expiration of the twelve-month period following his adjudication, the court has neither power nor discretion to entertain an application for discharge, saving only when the bankrupt is unavoidably prevented from making his application within twelve

months, a circumstance not apparent in the case at bar. In re Vasques, D.C., 50 F.2d 271; In re Schaefer, 9 Cir., 80 F.2d 387; In re Lansley, 2 Cir., 15 F.2d 471; Holmes v. Davidson, 9 Cir., 84 F.2d 111; In re Knauer, D.C., 133 F. 805. In the case at bar a petition for discharge was filed by the appellee within twelve months of his adjudication, and though that petition is of record in these proceedings, none the less whether it be revived by the subsequent motion of the appellee or a new petition for discharge be filed by him as authorized by the order of the court, such motion or petition must be held to be "an application for a discharge" within the terms of the statute filed out of the time prescribed by the statute.

We are of the opinion that the District Court had no power to make that portion of its decree of April 26, 1937, permitting the bankrupt to file a new petition for discharge after the expiration of the period prescribed by the statute.

In view of this holding, and to the end that injustice may not result to either party, the decree of the District Court of April 26, 1937, is reversed in toto, and the cause is remanded.