## In re SQUIRE.

District Court, D. New Jersey.
Oct. 4, 1938.

Lawrence Friedman, of Newark, N. J. (Philip J. Schotland, of Newark, N. J., of counsel), for respondent.

George H. Rosenstein, of Newark, N. J., for bankrupt.

FAKE, District Judge.

The above named bankrupt was discharged in bankruptcy in July of 1936. In April of 1937, he filed a petition here seeking an order of this Court to vacate and set aside the aforesaid discharge, and at the same time seeking authority to amend his schedules for the purpose of inserting therein a judgment debt which he had in all good faith failed to set up in the first instance. The judgment in question was entered in the year 1928 for the sum of $392.29 and a large part of it was interest at the rate of 36% per annum. It is obvious, I think, that its absence in the schedules was a pure oversight on the part of the bankrupt. Thereafter, upon notice I entered an order setting aside the discharge and allowing the amendment as prayed for.

An appeal was thereafter taken to the Circuit Court of Appeals where it was held that I had the discretionary power and that I had not abused the same in setting aside the decree of discharge and allowing the amendment to the schedules. Fourteenth Ave. Security Loan Ass'n v. Squire, 3 Cir., 96 F.2d 799. But the Circuit opinion pointed out that Section 14a of the Bankruptcy Act, 11 U.S.C.A. § 32(a) which limits the time within which a bankrupt may apply for a discharge, was applicable, and the time therein limited having elapsed, the bankrupt would be left in a very precarious position with his discharge set aside and his schedules amended and no right to a discharge available to him. It is obvious that I would be in error had I allowed the bankrupt to file a new petition for discharge after the period of statutory limitation had elapsed, and to save the bankrupt from such an injustice my decree was very properly, as I now see it, "reversed in toto, and the cause remanded."

The mandate of the Circuit is now before me and bankrupt has filed another and new petition here in which he again seeks to amend his schedules and prays that the discharge heretofore granted be reopened and the petition for discharge continued in force until the prayer thereof be eventually granted or denied, thus attempting to keep the original petition for discharge alive and avoiding the precarious position in which the setting aside of the discharge had placed him in the earlier proceeding.

Whether or not I may afford him relief on this new petition depends entirely upon the directions contained in the mandate of the Circuit Court, since the power of this Court cannot under any circumstance rise above the mandate. It reads as follows: "On consideration whereof, it is now here ordered, adjudged and decreed by this Court that the decree of April 26, 1937, of the said District Court in this cause be, and the same is hereby reversed with costs; and that the said Appellant, Fourteenth Avenue Security Loan Association, recover against the said Appellee, Lawrence Squire, Bankrupt, in the sum of eighty-eight and 50/100 dollars ($88.50) for its costs herein expended, and have execution therefor."

The foregoing language is clear and all inclusive of the issue now raised, and I have no power other than to enter a judgment in conformity therewith. Moreover, the Circuit has dealt with the issue bearing on the original petition in the following language [page 800]: "* * none the less whether it be revived by the subsequent motion of the appellee or a new petition for discharge be filed by him as authorized by the order of the court, such motion or petition must be held to be 'an application for a discharge' * * *."

The pending petition will therefore be dismissed.