## In re COHEN.

District Court, D. New Jersey.
March 26, 1940.

George Warren, of Trenton, N. J., for petitioner.

Louis B. Le Duc, of Camden, N. J., for respondent.

FORMAN, District Judge.

David Cohen was adjudged a bankrupt on his voluntary petition on August 23,

1937. He was granted his discharge in bankruptcy on January 7, 1938. In the schedule supporting his petition he listed, among others, as a creditor the Firemen's Fund Indemnity Company in the following language: "Firemen's Fund Indemnity Company—Judgment procured December 16, 1935; $40,000. and costs of $54.52."

No address was given for this creditor. Consequently, no notice of the bankruptcy was sent to it, and it filed no claim. The estate of the bankrupt had no assets.

About eleven months after his discharge in bankruptcy, on or about December 6, 1938, he was served with a notice to appear before a Supreme Court Commissioner of the State of New Jersey to meet a motion made by the Firemen's Fund Indemnity Company arising out of the judgment described above. He caused an investigation to be made concerning the listing of this judgment creditor in his bankruptcy schedule and found that no address had been given. This was his first intimation of this omission.

On October 17, 1939, he presented a petition to this court in which he made application to have his discharge vacated and for leave to amend his schedule by inserting the address of the Firemen's Fund Indemnity Company, so that if it had no notice theretofore it may now be given notice of the bankruptcy proceedings. Based on his petition an order was made directing the Firemen's Fund Indemnity Company to show cause why such application should not be granted.

The Firemen's Fund Indemnity Company appeared and resisted the application. It alleged that the petitioner had or should have had ample notice of its address and charged that he abstained from including its address in the schedule with the express hope of preventing the respondent from learning of his bankruptcy and in the further hope that his discharge in bankruptcy would operate to discourage the respondent from a prosecution of its judgment. It showed that no notice was sent to it by the clerk of the court in the bankruptcy proceedings and that it only learned of the same in January of 1939, when it sought to compel the petitioner to answer discovery proceedings upon its judgment, and at that time the petitioner asserted his discharge in bankruptcy. The respondent also charged that petitioner was in laches because he made no step toward opening the bankruptcy proceedings until October, 1939. It further charged that because of alleged fraudulent misrepresentations whereby the petitioner induced respondent to become surety for him upon a bond, petitioner would in no event be entitled to a discharge as against it. Nothing is put forth by the respondent to indicate that it has been prejudiced by the delay so that it would be precluded from making formal proof of its allegations.

An affidavit was filed by counsel who represented the petitioner in his bankruptcy proceedings in which he avers that the failure to add the address of the respondent in the bankruptcy schedule was not intentional upon his part or that of his client.

That this court has power to set aside its decree of discharge has been settled by a case in this circuit called to our attention by the petitioner, entitled, Fourteenth Ave. Security Loan Association v. Squire, 3 Cir., 96 F.2d 799 (decided June 3, 1938), wherein the court said—"The appellee contends that though no express provision of the Bankruptcy Act authorizes the setting aside of a bankrupt's discharge, section 15 of the act, 11 U.S.C.A. § 33, dealing solely with the revocation of a discharge for cause, none the less a court of bankruptcy, being a court of equity, possesses general equitable powers to amend, alter, or set aside its decrees in conformity with the ends of justice; Westall v. Avery, 4 Cir., 171 F. 626; Collier on Bankruptcy, 13th Ed., Vol. 1, p. 39; Ex parte Steele, D.C., 162 F. 694; In re Waugh, 9 Cir., 133 F. 281; and that in vacating the discharge and permitting the scheduling of the appellant's claim, the District Court has not abused its discretion, since the appellant is simply put upon a parity with the other creditors of the bankrupt estate, the estate being devoid of assets. So far as these parts of the decree are concerned, we are of the opinion that the court below possessed power to set aside its decree of discharge and has not abused its discretion in doing so." 96 F.2d 799, 800.

But in that case the court continues its discussion of any further power of the district court in the following language:

"But another consideration presents itself. Section 14a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 32(a), provides:

"'Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the

proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months.'

"It follows from the terms of the statute quoted that unless the bankrupt makes application for his discharge prior to the expiration of the twelve-month period following his adjudication, the court has neither power nor discretion to entertain an application for discharge, saving only when the bankrupt is unavoidably prevented from making his application within twelve months, a circumstance not apparent in the case at bar. In re Vasques, D.C., 50 F.2d 271; In re Schaefer, 9 Cir., 80 F.2d 387; In re Lansley, 2 Cir., 15 F.2d 471; Holmes v. Davidson, 9 Cir., 84 F.2d 111; In re Knauer, D.C., 133 F. 805. In the case at bar *a petition for discharge was filed by the appellee within twelve months of his adjudication, and though that petition is of record in these proceedings, none the less whether it be revived by the subsequent motion of the appellee or a new petition for discharge be filed by him as authorized by the order of the court, such motion or petition must be held to be 'an application for a discharge' within the terms of the statute filed out of the time prescribed by the statute.*

"We are of the opinion that the District Court had no power to make that portion of its decree of April 26, 1937, permitting the bankrupt to file a new petition for discharge after the expiration of the period prescribed by the statute." 96 F.2d 799, 800 (Italics supplied.)

Of course, it may be said in the present issue before this court that there is now no application for leave to file a new petition for discharge. But action toward that result is inevitable under whatever form it may take, and how can it be accomplished in view of the quoted language above italicized?

Attention must be focused on the chronology of the case before the court. The petitioner was adjudicated a bankrupt on August 23, 1937. Under normal circumstances he could have waited until within twelve months thereafter, or August 23, 1938, before applying for his discharge. (Actually it was granted on January 7, 1938.) Under the abnormal circumstances indicated in Section 14, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 32, sub. a, supra he could be permitted to file his application for his discharge within eighteen months after the date of his adjudication which in this case would limit him to no later than February 23, 1939. The petitioner learned of his omission to list the address of the respondent on December 6, 1938, but he failed to attempt to correct this omission until October 17, 1939, when the present petition was filed. It now appears that any action by the court to aid the petitioner would have to be taken in such time as to give him opportunity to file his application for discharge on or before February 23, 1939, at the latest, and action by the court *now* would result in futility only.

A somewhat similar question was raised before this court in the case of In re Scheffler, D.C., 21 F.Supp. 569 (decided December 17, 1937), wherein a number of the cases cited by counsel in his brief were considered and analyzed which for the sake of brevity we will not repeat here. If any doubt was expressed in that case as to the power of this court to give relief by way of vacating a decree of discharge pursuant to a *timely* application it was resolved definitely by the decision of our circuit in the case of Fourteenth Ave. Security Loan Association v. Squire, supra. That decision has definitely disposed of an untimely application. This court can only reiterate its language in the case of In re Scheffler, supra, as follows: "While it is reasonable and settled law that the Bankruptcy Act should be construed liberally in favor of the bankrupt, I am not persuaded that exemption from plain statutory requirements, concerning timeliness of action and notice, may be granted lightly, if the bankruptcy law is to effectively serve its dual purpose of protecting both debtor and creditors. It seems that the bankrupt here had his full opportunity to achieve all of the privileges provided for him under the act. If he is placed in a position now to his disadvantage, it is due only to his own omission and not to any active motion of his creditors. They must not be penalized to his advantage now. Hence, his petition must be dismissed." 21 F.Supp. 569, 571.

Similarly, the petition before us must be dismissed and the order to show cause discharged.