## In re RORABAUGH.
### No. 19846.

District Court, E. D. Pennsylvania.
March 14, 1944.

Isaac S. Grossman, of Philadelphia, Pa., for petitioner.

Thomas P. Mikell, of Saul, Ewing, Remick & Harrison, all of Philadelphia, Pa., for Pennsylvania Co., etc.

BARD, District Judge.

This matter arises on a petition to vacate a discharge in bankruptcy and to permit the bankrupt to amend the schedules which she filed.

The petition alleges that in 1927 the bankrupt and her brother inherited a property in Philadelphia subject to a mortgage of $10,000. On September 6, 1928, they executed an extension agreement under which they obligated themselves to pay the principal and interest of the mortgage. They defaulted in this obligation and in 1933 the Pennsylvania Company for Insurances on Lives and Granting Annuities, as mortgagee, took possession of the mortgaged property and it has retained possession thereof ever since. On May 12, 1937, petitioner filed a voluntary petition in bankruptcy and was adjudicated a bankrupt.

The schedules filed by petitioner listed only one debt, which was in favor of the Secretary of Banking of the Commonwealth of Pennsylvania. The obligation to the Pennsylvania Company upon the agreement of extension was not scheduled. At a meeting of creditors of the bankrupt her husband stated that she had inherited the property in question, but had no further interest in it inasmuch as the mortgagee had taken possession thereof some years prior thereto. The referee thereupon stated that if there had been no foreclosure of the mortgage, the schedules should be amended to reflect the bankrupt's interest in the property. No such amendment was made, however, and nothing appears to have been said about the agreement.

There were no assets in the bankrupt estate in excess of administration expenses and the bankrupt's exemption. On October 6, 1937, after hearing, petitioner's application for discharge was granted. Thereafter the trustee's final account was approved and on July 6, 1938, the trustee was discharged.

The petition further alleges that until recently the Pennsylvania Company never asserted any claim against petitioner on

the extension agreement, and that the failure to schedule its claim was the result of inadvertence and of the negligence of her then counsel. It prays that the cause be reopened and that petitioner be permitted to amend her schedules by including the debt to the Pennsylvania Company on the extension agreement.

An answer was filed by the Pennsylvania Company denying that petitioner has any right in law or in equity to the relief sought.

 The power of the court to vacate a discharge at the request of the bankrupt for the purpose of amending schedules to include obligations inadvertently omitted has been recognized. In re Ingrao, D.C., 40 F.2d 946; Fourteenth Ave. Security Loan Ass'n v. Squire, 3 Cir., 96 F.2d 799. In the latter case the Circuit Court of Appeals for the Third Circuit upheld the discretion of the bankruptcy court in exercising this power where, as in the case at bar, the estate was devoid of assets. Said Judge Biggs at page 800, of 96 F.2d:

"The appellee contends that though no express provision of the Bankruptcy Act authorizes the setting aside of a bankrupt's discharge, section 15 of the act, 11 U.S.C.A. § 33, dealing solely with the revocation of a discharge for cause, none the less a court of bankruptcy, being a court of equity, possesses general equitable powers to amend, alter, or set aside its decrees in conformity with the ends of justice; Westall v. Avery, 4 Cir., 171 F. 626; Collier on Bankruptcy, 13th Ed., Vol. 1, p. 39; Ex parte Steele, D.C., 162 F. 694; In re Waugh, 9 Cir., 133 F. 281; and that in vacating the discharge and permitting the scheduling of the appellant's claim, the District Court has not abused its discretion, since the appellant is simply put upon a parity with the other creditors of the bankrupt estate, the estate being devoid of assets. So far as these parts of the decree are concerned, we are of the opinion that the court below possessed power to set aside its decree of discharge and has not abused its discretion in doing so."

In the Squire case, however, the Circuit Court held that the lower court had erred in authorizing the bankrupt thereafter to apply for a discharge in view of the provision of Section 14, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. a, which limited the time for such an application to a period of twelve months from the date of adjudication.

In order to avoid the bar imposed by the Squire case to the relief she seeks, petitioner relies on the amendment to Section 14, sub. a of the Bankruptcy Act made by the Chandler Act, under which the twelve month limit to discharges in bankruptcy has been eliminated. As thus amended, Section 14 provides, 11 U.S.C.A. § 32:

"a. The adjudication of any person, except a corporation, shall operate as an application for a discharge * * *

"b. After the bankrupt shall have been examined, either at the first meeting of creditors or at a meeting specially fixed for that purpose, concerning his acts, conduct, and property, the court shall make an order fixing a time for the filing of objections to the bankrupt's discharge, notice of which order shall be given to all parties in interest as provided in section 58 of this title. Upon the expiration of the time fixed in such order or of any extension of such time granted by the court, the court shall discharge the bankrupt if no objection has been filed * * *."

In answer to petitioner's contention respondent urges that by its own terms the Chandler Act may not be applied in this proceeding. Section 6 of the Chandler Act, 11 U.S.C.A. § 1 note, provides:

"b. Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect * * *."

 In the case at bar the present proceedings were no longer pending on September 22, 1938, the effective date of the Chandler Act. At that time the trustee had been discharged and the estate had been closed. The reopening of the estate at this time and the vacation of the discharge would not have the effect of changing the status of the proceeding at the time of the effective date of the Chandler Act. The case was not pending at the time the Act took effect, and hence its provisions are inapplicable to this proceeding. There is therefore presented the same difficulty that barred the relief sought in the Squire case, supra, that the right to a new discharge no longer exists even if the former discharge were to be set aside and the petitioner granted permission to amend her schedules.

Accordingly, the petitioner is not entitled to the relief sought and the petition must be denied.